## Snyder v. Travelers' Fire Ins. Co.

Feb. 20, 1940.

William H. Field, Judge.

Fisher & Seidman for appellant.

Trabue, Doolan, Helm & Helm for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The judgment dismissed the petition as amended seeking to recover a balance of $833.33 claimed to be due on a fire insurance policy, the court having sustained the defendant's demurrer.

The defendant, The Travelers Fire Insurance Company, issued to the plaintiff, Louis Snyder, a policy insuring his farm residence, in Oldham County, against loss by fire in the sum of $2,500. At its inception the

property was the home of the plaintiff and his son, J. E. Snyder, but for a short period before the fire occurred it was occupied by the son as a tenant, the plaintiff "not actually living and staying in said dwelling house." The son was expected to vacate on November 15, 1937, but he moved on the 12th without the plaintiff's knowledge. The plaintiff made arrangements to occupy the house himself on November 19th; but the building was destroyed by fire on November 17th.

Though some furniture and personal effects belonging to the plaintiff were left in the house, under the authority of Continental Insurance Company v. Dunning, 249 Ky. 234, 60 S. W. (2d) 577, the property must be deemed to have been "vacant, unoccupied or uninhabited" within the terms of the policy. It had been so for five or six days when the fire occurred.

The policy, itself contains the following provision:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days."

Pasted to the policy is a rider describing the property insured and containing on both sides of the paper many stipulations and provisions. The printed matter, mostly in small type, barely saved from the denunciation of Section 679 of the Statutes, is two feet and five inches long. Attached to this rider is another one six inches long. Discoverable on the reverse side of the principal attachment is the following stipulation:

"The following permits are hereby granted by the company and made a part of this policy, to-wit: * * * Vacancy and Unoccupancy—Permission given for any of the buildings herein described to remain vacant, unoccupied or uninhabited for not exceeding thirty consecutive days, but during which time the insurance thereon is reduced one-third (1/3) but after said thirty days' vacancy or unoccupancy, this entire policy is void unless vacancy or unoccupancy permit is extended by agreement in writing attached hereto."

Perhaps it was such a policy as this that suggested.

to the wag that, "The big print is what gives you the insurance and the little print is what takes it away from you." Undoubtedly, the insured applied for a $2,500 policy and thought he had such coverage. Nowhere is it otherwise indicated except the quoted condition on the reverse side of a paper containing three feet of printed matter, pasted to the policy.

It is to be observed that the policy first provides, though stated negatively, that it should remain in full force and effect during 10 days vacancy. Then it is later provided that a vacancy of 30 days is permitted but during this period the protection would be reduced by one-third of the stipulated amount. The circuit court, pointing out the conflict, was of the opinion that the 30-day provision was more favorable to the insured than the other, which would have forfeited the whole protection at the end of 10 days' vacancy. For that reason, and because of the condition that the first provision should apply "unless otherwise provided," the court was of opinion that the insurance company was liable only for two-thirds of the face value of the policy. Though in the abstract the 30-day clause may be regarded more favorable to the insured than the 10 days' stipulation, we think if there were no clause of reconcilement the courts would have to make a concrete application and give force to the 10-day clause since the fire occurred within that period. This is under the proverbial rule to prevent forfeitures, in whole or in part, and interpret ambiguous and repugnant policy provisions in favor of the insured. Hartford Fire Insurance Company v. Bryan, 244 Ky. 61, 50 S. W. (2d) 74. However, the two provisions are reconcilable. The 10-day vacancy clause is among several general conditions rendering the entire contract void if the insured violated any of them. The paragraph is prefaced with the declaration that the conditions should be effective, "Unless otherwise provided by agreement endorsed hereon or added hereto." In the rider it is "otherwise provided" as to the conditions of vacancy. Hence it must be said that this contractual stipulation confers affirmation upon the exception or contradictory clause and that it must prevail. As stated by the trial court:

"The first clause by its own language is alive only if it is not 'otherwise provided.' By the second clause it is otherwise provided. Clearly, the pre-

vailing intent is expressed in the second clause. Putting aside the ten-day provision, the result is that during thirty days the coverage is reduced one-third."

Though this policy was deceptive in the particular relation, and the presence in it of the condition invoked doubtless surprised the insured, yet the terms are not so repugnant that the provision which proved to be less favorable must be rejected and the other accepted. As has been sometimes said, it is the duty of the courts to construe contracts and not to construct them. To misconstrue a legal provision of an insurance policy is equally obnoxious as enforcing an unconscionable forfeiture. We, therefore, concur in the trial court's construction of this policy and his judgment that the plaintiff was not entitled to recover more than two-thirds of the face of the policy.

Judgment affirmed.