### McCoulf v. McCoulf.

June 8, 1948.

Eldon S. Dummit and Weldon Shouse for appellant.

C. X. Johnson and Elwood Rosenbaum for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming.

On August 3, 1946, appellant brought this suit for absolute divorce from appellee on the ground of living separate and apart for five consecutive years. Appellee filed an answer and counter-claim against appellant asking absolute divorce from him on the grounds of one year's abandonment, six month's cruel treatment, cruel beating and injury and living separate and apart for five years. In her counter-claim she prays for alimony in the lump sum of $1,000.00 and for such further monthly alimony and maintenance for their daughter, Molly Ann McCoulf, as the court will in its discretion allow, and for the custody of said daughter, for her costs therein expended and a reasonable fee for her attorney.

The case was referred to the Master Commissioner and after hearing considerable proof totaling three volumes, the Commissioner recommended: (1) that plaintiff and defendant be granted an absolute divorce from each other on the ground that they have lived separate and apart without any cohabitation for five consecutive years next before the commencement of this action; (2) that the defendant be awarded care, custody and control of Molly Ann McCoulf, the infant daughter of plaintiff and defendant; (3) that the plaintiff be required to pay the sum of $110.00 per month until further orders of the court for the support and maintenance of the defendant and her infant child; (4) that the plaintiff be required to pay the sum of $200.00 as compensation for the services of defendant's attorney; (5) that the defendant is entitled to recover from plaintiff her costs herein expended. Both plaintiff and defendant filed exceptions to parts of that report. On June 24, 1947, a judgment was entered overruling exceptions to the Commissioner's report, it was confirmed and judgment was entered in accordance therewith. Appellant prosecutes this appeal from so much of this judgment as allows appellee alimony and maintenance in the sum of $110.00 per month, her attorney's fee and costs, and appellee

files a cross-appeal from so much of said judgment as limits her to $110.00 per month and attorney's fee of $200.00.

## Facts in the Case

Appellant and appellee were married on October 30, 1930, and separated on August 10, 1941. They apparently lived happily as husband and wife until another woman came into his life some eight or nine years ago after which time he apparently lost all love for his wife and interest in her and their daughter, Molly Ann, 15 years of age who appears by this record to be a talented, bright child. After reading all the testimony we think the Commissioner was fully justified when he said in his report:

"By reading only the plaintiff's own testimony the court will be convinced that the infidelity of the husband in this case is the dominant cause of the marital troubles existing between the parties to this suit. He freely admits that he is in love with another man's wife, who, like himself, is unfaithful to her spouse."

It would serve no useful purpose to detail the testimony which clearly shows the love and affection which appellant has for the other woman in this case and which love and affection is reciprocated by her as shown by the letters from her to him filed in the record. No unbiased person could read all the testimony in this case and agree with the statement contained in appellant's brief that "according to unimpeachable testimony the wife contributed to and caused ninety per cent of the marital difficulties." The percentage is about right but we think the fault was about ninety per cent that of the husband and the ten per cent that of the wife. It is true that after her husband clearly demonstrated that he no longer cared for her and told her he loved the other woman and the final break came, she had a nervous breakdown, spent some time in the hospital, lost weight and threatened to and at times perhaps did attempt suicide. Most of the testimony on the plaintiff's side, outside of his own, was that of a psychiatrist who attempted to show that appellee was a neurotic, emotionally unstable, and that no man could live with her. However, all the testimony of the psychiatrist was based on the one interview and examination of her made some

five years ago when she was in, or about to enter, the hospital from the nervous breakdown caused by the treatment accorded her by her husband and his conduct with the other woman. As a result of all this she was no doubt irritable and cross and almost demented but the cause and responsibility for it seems from the proof to have been due originally to the fault of the husband. We can discount a large part of appellee's testimony that appellant beat her up regularly every Saturday night for a year before the final separation and still find enough mental cruelty caused by the infidelity of the appellant to justify us in saying that the fault is largely his.

From the whole record we think this is a case in which the wife is entitled to alimony and the infant daughter is, of course, entitled to maintenance. The only question is: how much? When the separation occurred appellant voluntarily paid $110.00 per month maintenance for both his wife and child and has faithfully paid that sum each month over the five years of the separation and the lower court decreed a continuance of that sum after the divorce. Appellant is employed by John Deere Plow Co. as a traveling salesman. He says his salary is $57.00 per week. His income tax report for 1946 shows he received $3305.00 salary for that year or about $63.50 per week. This is subject to certain deductions but he gets a small bonus at the end of the year, a variable amount. Appellant is furnished an automobile and its upkeep by his employer. He is also paid his traveling expenses, such as food and lodging, while on the road, thus making it unnecessary for him to dig into his salary for these daily cost-of-living expenses except when he is at his home in Lexington for the weekends. He has no property other than his salary and has a small indebtedness of about $400.00 which was borrowed on his life insurance.

Appellee is employed at the Lafayette Drug Co. as book-keeper and office manager at a salary of $32.25 per week. She has some war bonds of a face value of about $725.00 accumulated from her earnings. She has some life insurance policies which, if cashed, would have a surrender value of about $2500.00, but unless and until cashed, they are an expense by reason of the premiums which must be kept up. She received the family furni-

ture worth about $2000.00, a part of which she paid for. The daughter is now in high school and is at an expensive age. From her income appellee must pay the rent on her house, buy fuel and meet other necessary expenses in the present day high cost of living.

While the alimony and maintenance allowed by the Chancellor in this case is somewhat larger than the percentage of the income of the husband that has been approved by this court in some cases, yet we cannot say that under all the facts and circumstances in this case, it is out of line or excessive. There is no fixed rule to be applied to all cases but each case must rest on the particular facts of that case. Certainly it is as much as appellant should be required to pay and therefore we disregard appellee's cross-appeal for a larger amount. The attorney's fee of $200.00 allowed appellee is very reasonable for the amount of work involved in this case and no change will be made in that item.

After a careful consideration of the whole case, we are of the opinion that the experienced Commissioner, who heard the case and was in the position to know all the parties and evaluate all the testimony, made a fair recommendation which was upheld by the Chancellor and we see no reason or justification for changing it. For the reasons herein expressed, the judgment of the lower court is affirmed both on appeal and cross-appeal.

Judgment affirmed.