**H. S. BEAN, et al., Trading and Doing Business as The Bean Drilling Company, A Partnership, Appellants,**

v.

**Troy BEVINS, et al., etc., Appellees.**

Court of Appeals of Kentucky.

Nov. 11, 1955.

As Modified on Denial of Rehearing Feb. 24, 1956.

V. R. Bentley, Pikeville, for appellants.

Kelsie Friend, J. A. Runyon, Pikeville, for appellees.

MONTGOMERY, Judge.

Appellants sought to recover from appellees $1,581.70, as the balance due for drilling a water well and for installing a pump on the property of appellees. Appellees filed an answer and counterclaim in which they alleged that the well drilled was not satisfactory, and sought $2,200 in damages, as well as $740.16 due as balance on account for merchandise sold to appellants. Appellants also asked that they be adjudged a lien on the property of appellees to secure any judgment recovered.

The case was tried before a jury. A verdict was rendered in favor of appellees. Judgment in the sum of $506 was entered, from which this appeal is taken.

Two grounds for reversal are urged: (1) the trial court failed to admonish the jury properly prior to adjournment; and (2) the appellees, by their conduct, had

waived any right to complain of breach of contract based on the failure of the well to produce sufficient water.

■ In considering the first ground urged, the following argument was made in appellants' brief:

"At the adjournment on the first day of the trial, the court did not admonish the jury not to converse among themselves or with others the trial of the case. The jury went home and came back the next morning, and resumed the trial of the case. Considerable evidence had been taken in this case before the adjournment of the jury the first day."

The record does not show that any objection was made by appellants in the evening when the court adjourned or the next morning when the trial was resumed. Counsel for appellants has failed to point out how the failure to admonish the jury was prejudicial. The first complaint of the court's failure to admonish is contained in the motion for a new trial filed May 22, 1954, after the trial on May 13–14, 1954. The objection was too late, and we find no merit in this contention.

The second ground urged requires a summary of the evidence. H. S. Bean, a partner with Frankie Bean, appellants, entered into an oral agreement in May 1949 with appellee Troy Bevins to drill a water well and install a suitable pump on property owned by Bevins, his wife Elizabeth, and David Bevins. The well was completed and the pump installed on May 30, 1949.

Within ten days, there was a water shortage. Troy Bevins stated that appellants made forty or more trips over a three-year period in an effort to overcome the water shortage.

On February 8, 1952, appellants, at Bevins' insistence, installed a larger pump in the well, for which appellees promised to pay the difference between the cost of the old pump and the new one. The new pump did not improve the water supply.

In April 1953, appellees abandoned the well entirely and hired Bee Hayes to drill a new well on the same property on which the Bean well was located. The Bean pump was removed from the old well and placed in the Hayes well. The Hayes well has since provided plenty of water for the needs of appellees.

Appellees made several cash payments on their account to appellants long after the well was completed. They made no refusal to pay because of an insufficient quantity of water. From May 30, 1949, to February 8, 1952, appellees paid $1,834.32 on their account. In their amended answer and counterclaim filed July 13, 1953, appellees, for the first time, made their claim for damages for an insufficient supply of water. This was almost four years after the well was completed.

■ Appellants insist that appellees, by their conduct, became estopped or waived the right to claim damages for breach of the contract. This contention is based on the testimony that appellees made no claim for damages against appellants because of insufficient water until over three years after the work was completed, and appellees had made cash payments on account in the interval without reference to insufficient water.

No question of estoppel or waiver was raised by affirmative pleadings in the trial court by either party, as required by CR 8.03. No instruction submitting such an issue was offered or sought. Appellants make their contention in this respect for the first time on the appeal. The testimony on which appellants base their contention was heard and presumably was considered by the jury in making their verdict.

Appropriate pleadings could have been filed by appellants to conform to the proof at any time during the trial and even after judgment. CR 15.02. This they failed to do. Under the evidence, it is doubtful whether either an estoppel or waiver was established, but assuming, arguendo, that either was established, appellants were not prejudiced since the jury heard and con-

sidered their proof on this point before rendering a verdict adverse to them.

Appellees filed a motion to dismiss the appeal which was passed to the merits and is now overruled.

Judgment affirmed.