**Ray T. HALL et al., Appellants,**

v.

**Henry KOLB et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 24, 1964.

Waller, Threlkeld, Whitlow & Byrd, Williams & Rivers, Paducah, for appellants.

John B. Blackburn, Holland G. Bryan, Wheeler & Marshall, Paducah, for appellees.

PALMORE, Judge.

This is a negligence action arising out of a collision between two automobiles on the concrete slab of a new road being constructed by the appellee, J. B. Michaels & Company, Inc. (hereinafter called Michaels), under a contract with the state. The road had not been completed, accepted, marked or designated as a highway and was not officially open for use by the general public, but the barrier at its entrance was so constructed and placed that a driver could easily enter upon it from U.S. 62. That is just what the appellant Gary Dale Roberts did. So also, shortly before, had the driver of a large tractor-trailer outfit. Roberts overtook this truck and, in passing it on the left, struck a car driven by the appellee Kolb, a rural mail carrier, who was crossing the concrete slab from Roberts's right to left on an intersecting county road. There were no signs or markers to indicate the presence of the intersection.

Roberts was driving an automobile owned by his father-in-law, the appellant Hall, and was accompanied by his wife. The Robertses sued Kolb and Michaels for personal injuries. Kolb counterclaimed against Roberts, cross-claimed against Michaels and, in substance, asserted a third-party complaint against Hall for personal injuries. Hall then asserted a claim against Kolb and Michaels for damages to his automobile. In addition to various defensive pleadings, all parties cross-claimed over for contribution.

At the conclusion of the evidence the trial court held Roberts guilty of negli-

gence as a matter of law and submitted the alleged negligence of Kolb and of Michaels to the jury, instructing it to consider the accident as having occurred at an ordinary road intersection, with neither the county road nor the newly constructed concrete strip having preference over the other. The jury found in favor of both Kolb and Michaels and awarded Kolb damages in the sum of $46,847 against Roberts alone.

Though Hall and Mrs. Roberts are named with Roberts as appellants, the argument as briefed in this court is directed exclusively to the judgment on Kolb's counterclaim against Roberts and on Roberts's cross-claim against Michaels for contribution. Thus all other issues are waived,[1] which eliminates Hall and Mrs. Roberts. Likewise, no question is raised with respect to Roberts's negligence and the theory upon which the trial court held him negligent as a matter of law.[2]

■ It is first suggested that Kolb, in attempting to cross the concrete strip (which for the sake of convenience we shall occasionally call the "new road"), was contributorily negligent as a matter of law in that he failed to see the obvious. Cf. Vaughn v. Jones, Ky., 257 S.W.2d 583 (1953). But we think this was a jury question. Until he arrived within 30 feet of the new road Kolb's vision was obstructed by a bank through which the county road was cut. When he emerged into the clear, he saw the large truck approaching from his left and judged that he had time to get across ahead of it. Evidently, however, Roberts was then in the process of passing or beginning to pass to the left of the truck, so that the truck was moving along directly in what otherwise would have been the line of vision between Roberts and Kolb. Hence neither of them saw the other until it was too

late. This is what the jury was entitled to and apparently did believe from the evidence, and on that premise we cannot say Kolb was negligent as a matter of law.

■ Roberts does not contend that the new road should not have been treated as a public highway within the purview of KRS Chapter 189. On the contrary, he takes the position that it should have been defined as a boulevard, with an instruction requiring Kolb to stop and to yield the right of way in accordance with KRS 189.330(3) and (4). The basis for this theory is the physical difference in size and condition between the two roads. The new road, being concrete surfaced and 24 feet wide, obviously was intended and destined eventually to become a superior highway as against the rough and tortuous country road on which Kolb was traveling. Whether or not it had been technically opened to general traffic, it was in limited de facto use by the road contractors, local residents, and such inevitable interlopers as Roberts and the truck driver. We recognize all these facts of life, but in the interest of orderly government are loath to assume as a common law process the task of designating through highways. That is properly a function of statutory definition or administrative regulation. Until defined or designated as a superior thoroughfare in the manner authorized by statute, one road has no legal preference over another. In so saying, we expressly refrain from passing on the question of whether the new road in this case was or should have been treated as a public road at all.

■ The gist of the claim against Michaels for contribution is that the barrier maintained at the place where Roberts entered the new road did not conform to

1. Armstrong v. McGuire, Ky., 283 S.W.2d 366 (1955).

2. Violation of KRS 189.330(2) and KRS 189.340(4) (b). The latter subsection has now been repealed by c. 288, Acts of 1962.

the requirements of Michaels's contract with the highway department; that these requirements were the criteria of Michaels's duty of care toward Kolb; and that Michaels's failure in this regard was a proximate cause of the accident.

The standard specifications for all public highway construction contracts of this state provide in substance that until a new road is ordered open for traffic the contractor shall erect and maintain strong, virtually immovable barricades to keep vehicles from being driven on the pavement. Actually, however, it appears that a rigid observance of such a stricture would have been extremely impracticable if not impossible under the circumstances of this case,[3] and the barrier maintained by Michaels was a movable structure only 12 feet in width, which on a 24-foot pavement could be and was driven around. On it was tacked a sign reading "Road Closed."

We are inclined to agree with counsel for appellants that the barricade was in fact nothing more than a warning sign. But even conceding further, for purposes of the argument, that Michaels was thus negligent as a matter of law towards Kolb and that such negligence was a proximate cause of the accident,[4] we are of the opinion nevertheless that as between Roberts and Michaels the liability of Roberts was primary and Michaels secondary. When a traveler chooses to disregard a "Road Closed" sign and drive across a stretch of gravel onto a freshly constructed pavement that is unmarked and obviously not open for general use,[5] we do not believe he is in a justifiable position to insist that the builder share his responsibility for an accident which, as between the two of them, he had the last opportunity to avoid. We do not buy the argument that "Road Closed" signs are made to be ignored, and surely they will be ignored if the courts declare them meaningless.

The judgment is affirmed.

---

3. Other notations on the plans for this particular contract raise serious doubt that the standard specifications could be given a literal construction in this respect.

4. Which, in view of Kolb's admitted knowledge that certain vehicles had been using the new road, is a most charitable assumption.

5. For example, the shoulders had not yet been built up to the level of the pavement.