**Carl JONES, Appellant,**

v.

**Faye J. JONES, Appellee.**

Court of Appeals of Kentucky.

Oct. 2, 1964.

James E. Clay, B. G. Brammell, Morehead, for appellant.

Lewis A. White, Mt. Sterling, for appellee.

A. J. BRATCHER, Special Commissioner.

The only question involved is whether the alimony awarded is excessive. Appellee was awarded alimony in the sum of $3,000, payable in thirty monthly installments.

Appellee alleged that she and appellant were married on August 18, 1940, and lived together until January 1963. Appellant denied this and contended that they had lived together as man and wife for over 20 years, legalizing their relationship in 1952. They each had a son by former marriages whom they mutually reared together as brothers. The cause of divorce is not material, except to say that the evidence amply supported the judgment of divorce granted the wife.

In Heustis v. Heustis, Ky., 346 S.W.2d 778, this Court said:

"Except in flagrant instances fault is not a very sound basis for determining alimony anyway, and in the case of Coleman v. Coleman, Ky.1954, 269 S. W.2d 730, this court clearly and cleanly departed from the theory that it is."

\* \* \* \* \* \*

"\* \* \* the approximate equivalent of one-third of the husband's estate is a reasonable basic measure."

\* \* \* \* \* \*

"Lump sum settlements are favored where the husband has sufficient estate to insure payment."

Appellant then argues that since fault is not to be used and he has no estate, the one-third rule could not have applied for the reason that appellant would have to have had an estate of $9,000 to justify the award of $3,000 made.

This Court has not set a hard fast rule in awarding alimony, except that

in determining the amount of alimony each case must rest on its particular facts. McCoulf v. McCoulf, 307 Ky. 682, 212 S.W.2d 284; Alexander v. Alexander, Ky., 317 S.W.2d 494. The controlling facts encompass the husband's estate, his age, and ability to earn money. Young v. Young, Ky., 340 S.W.2d 253. In this case it is undenied that the appellant is 49 years of age, a former sheriff of Rowan County, a former county judge, and at the time of the rendition of the alimony award was an employee of the State Highway Department at a salary of $440 per month, with a take-home pay of approximately $300. This would fairly disclose that he is a man of considerable ability, far above average. The appellee is also 49 years of age and has been a housekeeper all of her life, untrained and unskilled for gainful employment.

In Dalton v. Dalton, 304 Ky. 223, 200 S.W.2d 469, the Court said:

"In allowing alimony there is no fixed standard. The matter is within the sound discretion of the chancellor and is to be regulated by a number of circumstances that properly enter into the consideration, such as the size of the husband's estate, its productiveness, his income and earning capacity, his age, health and ability to labor, the age, health and ability of the wife to earn something and the particular cause for which the divorce was granted the wife."

See cases cited therein and Gann v. Gann, Ky., 347 S.W.2d 540.

The Chancellor, in providing that the alimony be paid in monthly installments, recognized that appellant had no property but had an earning capacity enabling him to pay $100 per month for support of his divorced wife. In all probability he had in mind the one-third rule in determining the amount and method of payment. The award of $3,000, payable $100 per month for thirty months is not excessive. The Chan-

cellor did not abuse a sound discretion. The award is amply supported by the record.

The Chancellor's decision will not be disturbed unless clearly erroneous. Petrie v. Petrie, Ky., 262 S.W.2d 182.

It is our opinion that the judgment should be affirmed.

The opinion is approved by the Court and the judgment is affirmed.