**Anna Marie JONES, Appellant,**

v.

**James B. JONES, Appellee.**

Court of Appeals of Kentucky.

March 17, 1967.

Cecil C. Wilson, Larry D. Garmon, Wilson, Baker & Herbert, Glasgow, for appellant.

Henry H. Dickinson, Richardson, Barrickman & Dickinson, Glasgow, for appellee.

WADDILL, Commissioner.

Anna Marie Jones filed this divorce action against James B. Jones on the ground of cruel and inhuman treatment. The trial court granted her a divorce; awarded her the household furnishings, lump sum alimony of $1,000 payable $50 per month, awarded her the custody of two teenage daughters and $100 per month support for them. She also received a house valued at $7500 and assumed the payment of a $5200 mortgage on it.

On this appeal Anna argues that the alimony award is inadequate and relies on Jones v. Jones, Ky., 382 S.W.2d 842, wherein we affirmed a lump sum award of $3000 alimony based on the income of the husband who had a negligible estate. It may be observed that in the cited case the wife had been a housekeeper all her life, was untrained and unskilled for gainful employment. The instant record does not disclose any present impairment in Anna's health and affirmatively reveals that she has been regularly employed most of her adult life. Moreover, the opinion in Jones, supra, does not show that the wife was awarded any property or that the husband was paying child support.

Anna and James were married in 1946. They separated in 1963. Anna, age 43, is employed as a nurse and earns $140 per month while James, age 42, is employed as a state trooper and receives a net salary of $365 per month. The trial court found, as stipulated by the parties, that the net worth of their joint estate was $3831.

When the sum allowed as alimony is considered in isolation it does seem to be a meager allowance in view of the fact that the parties were married for approximately seventeen years. The fact of the matter is that James receives $365 a month take-home-pay, $100 of which has been committed to maintenance of his daughters.

When the monthly alimony payment is made, James has only $215 left. Apparently the trial judge believed that $1000 as alimony, when considered in light of the $1200 worth of household furnishings plus the equity in the real estate of $2300 which Anna obtained in this proceeding, was an equitable allowance.

We are sympathetic with Anna's plea of inadequacy of alimony. However, since she has been regularly employed as a nurse, is young and in good health, we are unwilling to hold that the trial judge abused his discretion.

■ The further contention, that the fee allowed appellant's attorney is insufficient, is not properly before us because the complaining attorney has not prosecuted an appeal. Tyler v. Bryant, Ky., 394 S.W.2d 454; Dixon v. Dixon, Ky., 306 S.W.2d 879.

Under the circumstances appearing in this record we find no reversible error.

The judgment is affirmed.

All concur.