**K. E. STANSBURY et al., Appellants,**

**v.**

**A. E. SMITH and State Farm Fire and Casualty Insurance Company, Appellees.**

Court of Appeals of Kentucky.

Feb. 23, 1968.

Lohren F. Martin, Sutton & Martin, Corbin, for appellants.

Robert L. Milby, Hamm, Taylor & Milby, London, for appellees.

JOHN A. BRESLIN, Special Commissioner.

About the first week of May 1961, appellants K. E. Stansbury and Mildred Stansbury, purchased a building and its contents known as the Raleigh Motel. Previously a policy of insurance covering, among other things, the hazard of fire had been issued to the prior owners of the motel by State Farm Fire and Casualty Insurance Company for the period of 24 August 1959 to and including 24 August 1964. On 10 August 1962, this policy of insurance was transferred and assigned to the Stansburys.

Raleigh Motel was a combination motel-dwelling, consisting of eight rental units, in addition to the dwelling unit of the operators.

For a period of time, the motel was operated by the Stansburys but about the 7th of

September 1962 it was closed, due chiefly to the fact that lack of business had made it an unprofitable venture. Mrs. Stansbury went back to her old home in Illinois, some three months previous to the closing, and a few days before the closing, Mr. Stansbury also went to Illinois. Before departure, Mr. Stansbury left specific directions to a Mrs. Brown concerning the closing of the Motel. He told her to turn off and drain the water lines, turn off the utilities, and lock it up securely. After his departure, this was done, in September 1962 and no one continued to reside in the unit. No notice was given to appellees, or any of its representatives, of this closing or vacancy. On 1 December 1962, the Raleigh Motel, with its total contents, was consumed by fire. At the time of this fire, and total destruction, the Motel had been vacant for in excess of 80 days. (21 days in September, plus all of October and November)

The Stansburys had executed a note, secured by mortgage, to the appellee A. E. Smith. After the fire, and upon the Stansburys' refusal to satisfy the note, same was paid by State Farm Fire and Casualty Insurance Company under a loan receipt executed by Smith. By virtue of the provisions of the policy of insurance involved and according to the loan receipt, this action was brought in the name of Smith to recover from the Stansburys the face amount of the note with the interest due.

In time the issues were made up, following which the Stansburys moved and were granted permission to file a third party complaint whereby State Farm was made a third party defendant. The issues in that portion of the action were made up, proof taken, and all parties moved the court for a summary judgment. Judgment followed in favor of Smith against the Stansburys on the original action, granting him recovery under the note and also dismissing the third party complaint against State Farm. From that judgment this appeal followed.

■ In that the Stansburys did not brief the question of the right to proceed on behalf of Smith, so much of the judgment as allows recovery to Smith on his action is affirmed for failure to brief, and is considered as confessed. Hall v. Kolb, Ky., 374 S.W.2d 854; Smith v. Smith, Ky., 573 S. W.2d 424, decided February 23, 1968.

■ Concerned now is the question of the Stansburys' cause of action against the State Farm on the fire policy. The policy involved contained the standard clause relating to vacancy and nonoccupancy. This provision of the fire insurance policy has been held to be valid by the court in prior decisions of great number. A few include Snyder v. Travelers' Fire Ins. Co., 282 Ky. 555, 138 S.W.2d 1036; Continental Ins. Co. v. Dunning, 249 Ky. 234, 60 S.W.2d 577, and other cases. In view of the unquestioned fact that the premises insured had been unoccupied far in excess of 60 days at the time the fire occurred, we hold that this was a gross violation of the terms of the policy and defeats any recovery.

The policy of insurance in question also contained a provision requiring the action to be commenced within twelve (12) months next after the occurrence of a loss. The fire occurred on 1 December 1962; the action against appellee State Farm was commenced on 6 February 1964, which is a term exceeding 14 months.

■ It is therefore obvious that the action was not commenced within the time specified by the policy-contract, and is therefore barred. The contention of the appellants with reference to waiver and estoppel cannot be upheld or supported; there is no evidence of any action on the part of State Farm which justifies any application of these unusual equitable devices, which really are designed to thwart fraud, and not arm's length dealings. Further, these equi-

 

table remedies were not pleaded and are not available in any event. Bean v. Bevins, Ky., 287 S.W.2d 627.

The judgment is affirmed.

All concur.