**Mona R. SMITH (now Cox), Appellant,**

**v.**

**Walter SMITH, Jr., Appellee.**

Court of Appeals of Kentucky.

Feb. 23, 1968.

Robert L. Milby, Hamm, Taylor & Milby, London, for appellant.

No appearance for appellee.

STEINFELD, Judge.

Mona Smith sought an increase in the award of maintenance and support for the three minor children born of her marriage to Walter Smith, Jr. from whom she had been divorced. She also demanded a judgment for unpaid installments. Her attempt to obtain the increase was unsuccessful and she secured a judgment for only a part of the arrearage which she claimed. We reverse.

The appellant moved that the judgment be reversed because appellee failed to file a brief in this court. RCA 1.230, 1.-260(c). The penalties we may impose are set out in Cartwright v. Cartwright, Ky., 419 S.W.2d 576 (1967). We have determined to accept the appellant's statement of facts as correct and to treat the failure of the appellee to file a brief as a confession of error, Pierson-Trapp Co. v. Knippenberg, Ky., 387 S.W.2d 587 (1965); Belcher v. Elkins, Ky., 347 S.W.2d 503

**574**

(1961); Stansbury v. Smith, Ky., 424 S.W. 2d 571 (decided February 23, 1968).

Mona stated that the amount of the arrearage was $390.00 but the court entered judgment for only $300.00. Based upon the confession we direct that the order of June 1, 1967, be modified and that judgment be entered for $390.00 in full for back pay to that date, for the support and maintenance of the three minor children.

Mona alleged that not less than $150.00 per month was needed for the reasonable support and maintenance of the three children. Again treating the failure of appellee to file a brief in this court as a confession, we hold that $150.00 per month was the minimum amount which Walter should have been ordered to pay for the support of the three children. The order of June 1, 1967, should have directed Walter to pay to Mona the sum of $150.00 per month beginning June 1, 1967, for the support and maintenance of the minor children and ordered that said payments should be continued until and unless modified upon a proper showing. KRS 403.070; LeBus v. LeBus, Ky., 408 S.W.2d 200 (1966); Tucker v. Tucker, Ky., 398 S.W.2d 238 (1965); Ingram v. Ingram, Ky., 385 S.W.2d 69 (1964); Young v. Young, Ky., 340 S.W. 2d 253 (1960). Also see 1 A.L.R.3d 393. Such future modification, if any, shall not affect any period prior to the date the mandate is issued in these proceedings.

■ Demand was made for the allowance to counsel for appellant of a reasonable attorney's fee for the services he has rendered in these proceedings. We cannot consider the failure of the lower court to make such an allowance because counsel for appellant has not been made a party to this appeal. Jones v. Jones, Ky., 412 S.W. 2d 868 (1967).

The judgment is reversed with directions to enter an order in conformity with this opinion.

*All concur.*