ORAL ARGUMENT REQUESTED


NO. PD-0724-15

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS
SITTING AT AUSTIN, TEXAS

---

FATIMAH RAHMAN,
                              Petitioner,

VS.

THE STATE OF TEXAS
                              Respondent

---

On Petition for Discretionary Review
To the Court of Appeals Twelfth
Supreme Judicial District Cause
No. 12-14-00225-CR


PETITION SEEKING DISCRETIONARY REVIEW

James W. Huggler
State Bar No. 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
Telephone: 903-593-2400
Facsimile: 903-593-3830
jhugglerlaw@sbcglobal.net

ATTORNEY FOR PETITIONER

RECEIVED IN
COURT OF CRIMINAL APPEALS

July 15, 2015

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS

DESCRIPTION                                                    PAGE

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . .  1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . .  3

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

What is a Defendant's right to due process of law in a
revocation proceeding, or are those rights violated if a
Motion to Revoke probation proceeds without a signature
from a prosecutor?

What is a Defendant's right to due course of law in a revocation
proceeding, or are those rights violated if a Motion to Revoke
probation proceeds without a signature from a prosecutor?

REASONS FOR GRANTING REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . .  3

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

ARGUMENTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . .  6

A. Reasons for Granting Review. . . . . . . . . . . . . . . . . . . . . . . . . . .  6
B. Analysis. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7
C. Application to these facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9
D. Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . 12

APPENDIX A - Opinion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# INDEX OF AUTHORITIES

STATUTES

Tex. Code Crim. Proc. Ann. Art. ann. 1.052( c) (West 2014). . . . . . . . . . 9

Tex. Code Crim. Proc. Ann. art. 2.04 (West 2013). . . . . . . . . . . . . . . . . 9

Tex. Code Crim. Proc. Ann. art. 15.05 4 (West 2013). . . . . . . . . . . . . . 10

Tex. Code Crim. Proc. Ann. art. 42.12 §21(b) (West 2009). . . . . . . . . . . 8

TEX. PENAL CODE ANN. §49.04 (West 2009). . . . . . . . . . . . . . . . . . . . . 2, 4

TEX. PENAL CODE ANN. §49.09(b)(2) (West 2009). . . . . . . . . . . . . . . . . 2, 4


CASES

Bradley v. State, 564 S.W.2d 727 (Tex. Crim. App. 1978). . . . . . . . . . . . 7

Brent v. State, 916 S.W.2d 34, 37 (Tex. App. – Houston [1st Dist.]
    1995, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Caddell v. State, 605 S.W.2d 275 (Tex. Crim. App. 1980). . . . . . . . . . . . 6

Davenport v. State, 574 S.W.2d 73 ((Tex. Crim. App. 1978). . . . . . . . . . 7

Gagnon v. Scarpelli, 411 U.S. 778, 786, 36 L.Ed. 2d 656,
    93 S. Ct. 1756 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Garner v. State, 545 S.W.2d 178 (Tex. Crim. App. 1977). . . . . . . . . . . . 8

Lugaro v. State, 904 S.W.2d 842 (Tex. App. – Corpus Christi 1995, no
pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Rahman v. State, No. 12-14-00225-CR, Tex. App. – Tyler,
    May 13, 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Passim

Schackelford v. State, 516 S.W.3d 180 (Tex. Crim. App. 1974). . . . . . . . 9

Spruill v. State, 382 S.W.2d 842 (Tex. App. – Austin 1995,
    no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Staten v. State, 328 S.W.3d 901 (Tex. App. – Beaumont 2010, no pet.). 6

Whitson v. State, 429 S.W.3d 632 (Tex. Crim. App. 2014). . . . . . . . . . . 8

RULES

TEX. R. APP. P. ANN. 9.4 (West 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

TEX. R. APP. P. ANN. 66.3(a) (West 2014). . . . . . . . . . . . . . . . . . . . . . . . 3

TEX. R. APP. P. ANN. 66.3(b) (West 2014). . . . . . . . . . . . . . . . . . . . . . . . 4

TEX. R. APP. P. ANN. 66.3(e) (West 2014). . . . . . . . . . . . . . . . . . . . . . . . 4

OTHER SOURCES

Office of Court Administration, Annual Statistical Report
for the Texas Judiciary, Fiscal Year 2014. . . . . . . . . . . . . . . . . . . . . . . . 7

| FATIMA RAHMAN, | § | IN THE COURT OF |
|---|---|---|
| PETITIONER | § | |
| | § | |
| VS. | § | CRIMINAL APPEALS |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | AUSTIN, TEXAS |

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Now Comes Fatima Rahman, Petitioner and Defendant in the trial court, and respectfully submits this her Petition for Discretionary Review complaining of the ruling and opinion by the Court of Appeals for the Twelfth Supreme Judicial District, and would show the Court as follows:

## STATEMENT REGARDING ORAL ARGUMENT

In the event this Court grants this petition, Petitioner requests the Court to grant oral argument herein so that all matters may be clarified and any questions presented by the briefs of the parties may be addressed in a proper manner.

## STATEMENT OF THE CASE

Appellant was indicted in Cause Number 114-1451-10 and charged with the felony offense of driving while intoxicated. I CR 2[1]; see TEX. PENAL CODE ANN. §§49.04, 49.09(b)(2) (West 2009). A guilty plea with an agreement for a probated sentence was entered. I CR 7; I RR 15-16[2]. The State filed an Application to Revoke Community Supervision. I CR 54-56. Ms. Rahman entered a plea of true to each allegation and after evidence and argument, the court revoked her probation and sentenced her to five years confinement. I CR 76-77; IV RR 34-35. Notice of appeal was timely filed. I CR 78. The Court of Appeals affirmed the trial court's sentence in an unpublished opinion, and this petition follows. The Petition is timely filed on or before July 13, 2015.

---

[1] References to the Clerk's Record are designated "CR" with a roman numeral preceding "CR" indicating the correct volume and an arabic numeral following "CR" specifying the correct page in the record.

[2] References to the Reporter's Record are designated "RR" with a roman numeral preceding "RR" indicating the correct volume, and an arabic numeral following "RR" specifying the correct page.

## STATEMENT OF PROCEDURAL HISTORY

The Twelfth Court of Appeals issued an opinion in number 12-14-00225-CR on May 13, 2015. No motion for rehearing was filed. On June 12, 2015, a Motion to Extend Time to File Petition for Discretionary Review was filed. That Motion was granted and the time to file a petition for discretionary review was extended until July 13, 2015.

## GROUND FOR REVIEW

What is a Defendant's right to due process of law in a revocation proceeding, or are those rights violated if a Motion to Revoke probation proceeds without a signature from a prosecutor?

What is a Defendant's right to due course of law in a revocation proceeding, or are those rights violated if a Motion to Revoke probation proceeds without a signature from a prosecutor?

## REASONS FOR GRANTING REVIEW

The decision of the Court of Appeals conflicts with another court of appeals decision on the same issue. TEX. R. APP. P. ANN. 66.3(a) (West 2014).

The decision of the Court of Appeals decided an important question

3

of state or federal law that has not been, but should be, settled by the Court of Criminal Appeals. Tex. R. App. P. Ann. 66.3(b) (West 2014).

The decision of the Court of Appeals conflicts with an applicable decision of the Court of Criminal Appeals on an important question of state law. TEX. R. APP. PROC. ANN. 66.3( c)(West 2014).

## STATEMENT OF FACTS

Fatima Rahman was indicted for the third degree felony offense of driving while intoxicated. I CR 3. TEX. PENAL CODE ANN. §§49.04 and 49.09(b)(2)(West 2009). A plea agreement was reached and Ms. Rahman received a sentence of ten years probated for a period of seven years. I RR 11. A guilty plea was entered to the indictment and the two jurisdictional paragraphs. I RR 15-16. The court followed the plea agreement and sentenced Ms. Rahman accordingly. II RR 8; I CR 19-20, 21-24.

The State filed three different motions to revoke the probation. I CR32-34, 44-46. The first motion was dismissed and the probation was modified. I CR 37-38. The second motion was also dismissed. I CR 47. The third motion to revoke filed on July 9, 2012 included the following

4

allegations: (1) that Ms. Rahman was placed on probation; (2) that she used or consumed marijuana; (3) that she possessed marijuana; (4) and (5) that she failed to submit to urinalysis testing.  I CR 54-56.  Another application to revoke containing different allegations was also filed on July 8, 2014.  I CR 60-62.  This application alleged that Ms. Rahman (1) was placed on probation; (2) that she operated a motor vehicle while her driver's license was suspended in Tarrant County; (3) that she operated a motor vehicle while her license was suspended in Hood County; and (4) that she failed to pay supervision fees.  I CR 60-62.

Ms. Rahman entered a plea of true to identity, and all substantive paragraphs to the July 8, 2014 application.  I CR 73; IV 17-19.  We know it was the July 8, 2014 application because the trial court read each allegation prior to asking a plea.  IV RR 17-19.  Following evidence and argument of counsel, the trial court found each paragraph true, revoked her probation and sentenced her to five years confinement.  IV RR 34-35.  Further discussion of relevant facts is included below.

## ARGUMENTS AND AUTHORITIES

### A. Reasons for Granting Review

While it is clear that a defendant is not entitled to the same level of due process or due course of law in revocation proceedings, no court has ever stated that a defendant does not have any right to due process or due course of law. Courts have stated that there are certain minimums in revocation proceedings. Those include: (1) written notice of the claimed violations of the terms of supervision; (2) the disclosure of evidence against him; (3) the opportunity to be heard and present witnesses and evidence; (4) a neutral and detached hearing body; (5) the opportunity to cross-examine witnesses; and (6) a written statement as to the evidence relied on and the reasons for revoking supervision. Staten v. State, 328 S.W.3d 901, 905 (Tex. App. – Beaumont, 2010, no pet.)(internal citations omitted).

This Court has stated that a probationer is entitled to the "rudiments of due process." one of which is a written motion to revoke that fully informs him of the violation of a term of probation which he is alleged to have breached. Caddell v. State, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). Surely one of those rudiments of due process is the

simple requirement that a motion to revoke probation be reviewed and signed by a prosecutor.

In fiscal year 2014, there were 61,338 motions to revoke filed in the State of Texas. Office of Court Administration, Annual Statistical Report for the Texas Judiciary, Fiscal Year 2014, p. 54-55.[3] This Court has not reviewed the minimum due process requirements for revocation proceedings in some time. However, stating whether a prosecutor has to review and sign a motion to revoke should be a minimal due process requirement is an important issue which should be decided by this Court. Rahman No. 12-14-00225-CR at 4.

B. Analysis

Probation revocation proceedings are not criminal trials in the constitutional sense; rather, they are administrative in nature. Davenport v. State, 574 S.W.2d 73, 76 (Tex. Crim. App. 1978); Bradley v. State, 564 S.W.2d 727, 729 (Tex. Crim. App. 1978). However, a person placed on probation does not lose all their rights. A probationer is entitled to a

---

[3] Accessed at
http://www.txcourts.gov/media/885306/Annual-Statistical-Report-FY
-2014.pdf on July 13, 2015.

7

written motion to revoke that fully informs her of the violation of a term of probation which she is alleged to have breached. Garner v. State, 545 S.W.2d 178, 179 (Tex. Crim. App. 1977). A probationer is entitled to minimum requirements of due process which must be observed in revocation proceedings. Gagnon v. Scarpelli, 411 U.S. 778, 7869, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973).

The State cannot file an application to revoke after the term of supervision has ended. Whitson v. State, 429 S.W.3d 632 (Tex. Crim. App. 2014). A motion to revoke must give fair notice of the allegations. Spruill v. State, 382 S.W.3d 518, 520 (Tex. App. – Austin 2012, no pet). A defendant has the right to counsel at revocation proceedings. Lugaro v. State, 904 S.W.2d 842, 843-44 (Tex. App. – Corpus Christi 1995, no pet). The State may amend a motion to revoke community supervision any time up to seven days before the date of the revocation hearing, after which time the motion may not be amended except for good cause shown, and in no event may the State amend the motion after the commencement of taking evidence at the hearing. TEX. CODE CRIM. PROC. ANN. art. 42.12 §21(b) (West 2009).

## C. Application to These Facts

There are two documents contained in the record seeking revocation of supervision. The first was filed on July 8, 2014 and contained four paragraphs. I CR 60-62. The second was filed on July 9, 2014 and contained five paragraphs. I CR 54-56. The trial court took a plea of true to each paragraph contained in the July 8, 2014 application. IV RR 17-19.

There are two problems with the trial court taking proceeding on the July 8, 2014 application. First, the July 8, 2014 application to revoke was superseded by the July 9, 2014 application to revoke. The second is that the pleading which was used was not signed by an attorney representing the State of Texas. I CR 62.

If a pleading is not signed, the court shall strike it unless it is signed promptly after the omission is called to the attention of the attorney or the defendant. TEX. CODE CRIM. PROC. ANN. art. 1.052( c) (West 2014). While that provision is contained in a section entitled "Signed Pleadings of Defendant", it applies equally to pleadings signed by the State of Texas.

A criminal complaint must be signed and attested to by a prosecuting attorney. TEX. CODE CRIM. PROC. ANN. art. 2.04 (West 2013). A defect in a complaint if undated is defective. Shackelford v. State, 516

S.W.2d 180 (Tex. Crim. App. 1974).  A complaint must also be signed.

TEX. CODE CRIM. PROC. ANN. art. 15.05 4 (West 2013); <u>Brent v. State</u>, 916

S.W.2d 34.37 (Tex. App. – Houston [1st Dist.] 1995, pet. ref'd).

While Appellant does not claim that a motion to revoke probation is identical to a criminal complaint, it is certainly similar, especially in a due process or due course of law analysis.  Mistakes can occur, but when those mistakes are of Constitutional magnitude, this Court should address them to prevent Constitutional error in the future.

## E. Conclusion

A probation revocation has a lower burden of proof and lower minimums of due process.   However, there is still a due process requirement and this Court should require that a motion to revoke be signed and reviewed by a prosecuting attorney prior to being acted upon by a trial court.  Otherwise, as in this case, there is no indication that anyone except a non-attorney probation officer reviewed the facts of the allegations, or the language to revoke, and that offends our concept of due process.

## CONCLUSION

Under all circumstances, the Court of Appeals erred in affirming the trial court's decision. This court should grant discretionary review, allow complete briefing, and, upon such review, reverse the Court of Appeals and remand the case to the Court of Appeals.

## PRAYER

WHEREFORE, Petitioner prays the Court to grant discretionary review and, upon such review, to reverse the judgment of the Court of Appeals; and for such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

/s/ James Huggler
James W. Huggler
State Bar No. 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
Telephone: 903-593-2400
Facsimile: 903-593-3830
jhugglerlaw@sbcglobal.net
ATTORNEY FOR PETITIONER

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Petition has been forwarded to Mike West, Smith County District Attorney's Office, and on the State Prosecuting Attorney through the State of Texas Electronic Filing System on this the 13th day of July, 2015 at the addresses listed below

/s/ James Huggler
James W. Huggler

Mike West
Smith County District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702

Lisa McMinn
State Prosecuting Attorney
PO Box 12405
Austin, Texas 78711

## CERTIFICATE OF COMPLIANCE

I certify that this Petition complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 1, 912 words as counted by Corel WordPerfect version x6.

/s/ James Huggler
James W. Huggler, Jr.

NO. PD-0724-15

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS SITTING AT

AUSTIN, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FATIMA RAHMAN,

Petitioner

VS.

THE STATE OF TEXAS,

Respondent

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On Petition for Discretionary Review
To the Court of Appeals Twelfth
Supreme Judicial District Cause
No. 12-14-00225-CR

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
APPENDIX
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FATIMA RAHMAN, APPELLANT v. THE STATE OF TEXAS, APPELLEE

NO. 12-14-00225-CR

COURT OF APPEALS OF TEXAS, TWELFTH DISTRICT, TYLER

2015 Tex. App. LEXIS 4820

May 13, 2015, Opinion Delivered

NOTICE: PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

PRIOR HISTORY: [*1] Appeal from the 114th District Court of Smith County, Texas. (Tr.Ct.No. 114-1451-10). Judge Christi J. Kennedy.

COUNSEL: James Huggler, for Appellant.

Aaron Rediker, for State.

JUDGES: Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.

OPINION BY: BRIAN HOYLE

OPINION

MEMORANDUM OPINION

Fatima Rahman appeals her conviction for felony driving while intoxicated, for which she was sentenced to imprisonment for five years. In three issues, Appellant argues that the trial court erred in imposing attorney's fees and in proceeding on an unsigned application to revoke community supervision. We affirm.

BACKGROUND

Appellant was charged by indictment with felony driving while intoxicated. She pleaded "guilty" to the offense. The trial court assessed an agreed sentence of imprisonment for ten years, suspended the sentence, and placed Appellant on community supervision for a term of seven years.

Subsequently, the State filed an application to revoke Appellant's community supervision alleging three violations of the terms. Appellant pleaded true to all three allegations. The trial court found the allegations to be true, revoked Appellant's community supervision, and assessed her punishment at imprisonment for five years.

14

This appeal followed. [*2]

ATTORNEY'S FEES

In her first issue, Appellant argues that the trial court improperly assessed attorney's fees when it placed her on community supervision.

Standard of Review and Applicable Law

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." Johnson v. State 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the costs, not to determine if sufficient evidence to prove each cost was offered at trial. Id.

A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). But once a criminal defendant has been determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014). Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has the financial resources to

enable him to [*3] offset in part or in whole the costs of the legal services provided. See Johnson v. State, 405 S.W.3d 350, 354 (Tex. App.--Tyler 2013, no pet.). If the record does not show that the defendant's financial circumstances materially changed, there is no basis for the imposition of attorney's fees. See TEX. CODE CRIM. PROC. ANN. art. 26.04(p); Mayer v. State, 309 S.W.3d 552, 553, 557 (Tex. Crim. App. 2010); Johnson, 405 S.W.3d at 354.

Analysis

Appellant argues that attorney's fees were improperly assessed against her when she was placed on community supervision because she was found to be indigent. She contends that because the record contains no evidence to support a finding that she is not indigent, the judgment and bill of costs should be modified to delete the attorney's fees. She further asserts that she has already paid the attorney's fees, and she contends the clerk's office should be ordered to return the money to her.

Appellant pleaded guilty and was placed on community supervision in November 2010. The judgment of conviction assesses an amount of $694.00 in court costs. No bill of costs itemizing these costs appears in the record. In July 2014, after a hearing on the State's application to revoke, the trial court revoked Appellant's community supervision. The judgment revoking community supervision shows court costs of $0.00. A bill of costs dated July [*4]

15

30, 2014 appears in the record and lists court costs totaling $394.00. Attorney's fees are not listed among these costs. The record indicates that the trial court determined Appellant was indigent because it appointed counsel to represent her at the guilty plea hearing, at two revocation hearings, and in this appeal.

Nothing in the record shows that the court costs assessed in the judgment of conviction included attorney's fees. Therefore, the record does not support Appellant's argument that she was improperly assessed attorney's fees. Consequently, her challenge is more appropriately termed a challenge to the lack of a bill of costs itemizing the costs named in the judgment of conviction. As a general rule, issues related to the conviction of a defendant placed on community supervision may be raised only in an appeal taken when community supervision is originally imposed. Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). In other words, such issues may not be raised in an appeal filed after community supervision is revoked. Id.

The appropriate vehicle for challenging the lack of a bill of costs itemizing the costs named in the judgment of conviction was in a direct appeal from that judgment. See Manuel, 994 S.W.2d at 661. However, that did not occur. Therefore, [*5] we conclude that the issue was forfeited. Accordingly, we overrule Appellant's first issue.

### UNSIGNED APPLICATION TO REVOKE

In her second and third issues, Appellant argues that the trial court erred by revoking her community supervision based on an unsigned application to revoke, violating her right to due process and due course of law under the United States and Texas Constitutions.

### Standard of Review and Applicable Law

We review a trial court's order revoking a defendant's placement on community supervision for an abuse of discretion. Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The state's burden of proof in a revocation proceeding is by a preponderance of the evidence. Cobb v. State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993).

While a defendant at a revocation proceeding need not be afforded the full range of constitutional and statutory protections that are available in the trial of a criminal case, a person on community supervision is entitled to certain due process protections. Gagnon v. Scarpelli, 411 U.S. 778, 781-82, 93 S. Ct. 1756, 1759-60, 36 L. Ed. 2d 656 (1973); Bradley v. State, 564 S.W.2d 727, 729-30 (Tex. Crim. App. 1978). Due process, in connection with community supervision revocation proceedings, entitles a defendant to (1) written notice of the claimed violations of the terms of the community supervision order; (2) the disclosure of the evidence against him; (3) the opportunity to be heard in person and to present [*6] witnesses and

16

documentary evidence; (4) a neutral and detached hearing body; (5) the opportunity to cross examine adverse witnesses, unless the hearing body specifically finds good cause for not allowing confrontation; and (6) a written statement by the fact finder as to the evidence relied on and the reasons for revoking community supervision. Staten v. State, 328 S.W.3d 901, 905 (Tex. App.-- Beaumont 2010, no pet.).

In the context of community supervision revocation proceedings, due process entitles a defendant to a written motion to revoke that fully informs him of the alleged violation of the term of community supervision. Caddell v. State, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). A trial court's authority to revoke community supervision is limited to the grounds alleged in the state's motion to revoke community supervision. Moore v. State, 11 S.W.3d 495, 499 (Tex. App.-- Houston [14th Dist.] 2000, no pet.). A motion to revoke community supervision is not required to meet the particularities of an indictment, information, or complaint because the motion is held to a less rigorous standard. Staten, 328 S.W.3d at 906. The state's motion to revoke need only fully and clearly set forth the basis on which the state seeks revocation so that the defendant and his counsel have notice. Id.

Analysis

In this case, the State's application to revoke is signed by a community supervision officer, but not by a

prosecutor. No mention [*7] of the lack of a prosecutor's signature was made at the hearing on the application.

In support of her argument, Appellant cites only authority that a complaint must be signed. See TEX. CODE CRIM. PROC. ANN. art. 15.05(4) (West 2005); Brent v. State, 916 S.W.2d 34, 37 (Tex. App.-- Houston [1st] 1995, pet. ref'd). Appellant concedes that an application to revoke community supervision is not identical to a criminal complaint, but she argues that it is similar enough that we should apply the same analysis. We disagree. The motion to revoke Appellant's community supervision was not required to meet the particularities of an indictment, information, or complaint. See Staten, 328 S.W.3d at 906. We conclude that Appellant's rights to due process and due course of law were not violated because of the lack of a prosecutor's signature on the application to revoke.

Accordingly, we overrule Appellant's second and third issues.

DISPOSITION

Having overruled Appellant's first, second, and third issues, we affirm the trial court's judgment.

BRIAN HOYLE

Justice

Opinion delivered May 13, 2015.

JUDGMENT

THIS CAUSE came to be heard on the appellate record and briefs filed herein,

and the same being considered, it is the opinion of this court that there was no error in the judgment.

It [*8] is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things affirmed, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.

Print this page

# Case # PD-0724-15

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 07/13/2015 03:57:48 PM |
| Case Number | PD-0724-15 |
| Case Description | |
| Assigned to Judge | |
| Attorney | James Huggler |
| Firm Name | Law Office of James Huggler |
| Filed By | James Huggler |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Office AMEX |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | |
| Order # | |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Petition for Discretionary Review |
| Reference Number | 3000709 |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 07/15/2015 03:40:47 | The petition for discretionary review does not contain the identity of Judge, Parties and Counsel [Rule 68.4(a)]. You have ten days to tender a corrected petition for |

PM    discretionary review.

## Documents

| | | |
|---|---|---|
| *Lead Document* | PDR.pdf | [Original] |

## eService Details

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Michael West<br>MWest@smith-county.com | Smith County District Attorney's Office | EServe | Sent | Yes | 07/13/2015 04:58:43 PM |
| Lisa McMinn<br>information@spa.texas.gov | State Prosecuting Attorney | EServe | Sent | Yes | 07/13/2015 05:28:37 PM |