SPENCE *v.* DOWNHAM.

[No. 20,548. Filed February 23, 1967. Rehearing denied March 21, 1967. Transfer denied September 13, 1967.]

*Miller, Tolbert & Hirschauer*, of Logansport, for appellant.

*Lynn O'Neill* and *O'Neill & O'Neill*, both of Logansport, and *Albert W. Ewbank*, of Indianapolis, all for appellee.

FAULCONER, J.—Appellee sued appellant for damages for injuries which he sustained as a result of appellee's motorcycle colliding with appellant's automobile. The jury returned a verdict for appellee and judgment was entered thereon. Appellant's motion for new trial was overruled, which is the error assigned on this appeal.

Only those specifications in appellant's motion for new

trial, argued in his brief, will be considered. Rule 2-17 (e) and (f), Rules of the Supreme Court, 1964 Revision; *Gernhart* v. *State* (1954), 233 Ind. 470, 472, 120 N. E. 2d 265.

Appellant first argues that the trial court erred in overruling his motion to withdraw three allegations of negligence *at the close of plaintiff's evidence.* An examination of the motion for new trial fails to disclose such motion.

There are, however, specifications that the trial court erred in overruling appellant's motion to withdraw three allegations of negligence *at the conclusion of defendant's case in chief* and at the conclusion of all evidence in the case. Since the error is an issue not presented to the trial court by way of specification in the motion for new trial, it cannot, for the first time, be argued here.

*Gernhart* v. *State, supra.*

A review, however, of the evidence in the record before us shows evidence either establishing or from which the jury could reasonably infer each act of negligence challenged. Also, this is a general verdict and there were other allegations of negligence supported by evidence. We cannot say that the verdict was not based upon one or more allegations not contained in the motion to withdraw.

Appellant next contends that the trial court erred in giving plaintiff-appellee's Instructions Nos. 34 and 35. Nowhere in appellant's brief are the objections to these instructions set forth. On appeal, alleged errors as to instructions are not properly presented for consideration where the argument section of appellant's brief does not present the questions pertaining to the instructions and the objections thereto made in the trial court. *McCoy* v. *State* (1960), 241 Ind. 104, 121, 170 N. E. 2d 43, and cases there cited; *Midwest Oil Company, Inc.* v. *Storey* (1962), 134 Ind. App. 137, 152, 178 N. E. 2d 468; 3 F. & W., Ind. Pract., § 2677, p. 150 (1963 P. P.).

Appellant, in his reply brief, states that he should have included objections to Instructions Nos. 34 and 35 in his brief,

and asserts that he is supplying such objections in his reply brief. This is not sufficient to present error. The purpose of a reply brief is not to advance new matter or supply omitted matter. *Macbeth Evans Glass Co.* v. *Jones* (1911), 176 Ind. 221, 224, 95 N. E. 567; *Interstate Public Service Co.* v. *Moore, Admx.* (1929), 88 Ind. App. 439, 444, 161 N. E. 633; 3 F. & W., Ind. Pract., §2682, p. 153 (1963 P. P.) ; 2 I. L. E., Appeals, § 395, p. 278.

Appellant next argues error in the trial court refusing to give his tendered Instructions Nos. 9, 15 and 26. Appellant's tendered Instruction No. 9 was covered by other instructions including appellant's Instructions Nos. 19 and 20. We are of the opinion that Instructions Nos. 15 and 26 were properly refused as not pertinent to the issues.

Appellant next contends error in the admission of testimony of a witness called by plaintiff for bebuttal testimony after the defendant rested. In the argument section of appellant's brief there is only one objection shown. That objection came at the conclusion of a series of questions and answers but contained no request that such testimony be stricken and the jury requested to disregard the same. Therefore, appellant has waived any error on this issue.

Appellant lastly urges under the title of "Improper Cross Examination as to Inconsistent Statements" error in admitting certain questions to be asked and answers thereto given. He then sets forth eleven pages of questions and answers. There is no explanation as to which witness the questions refer, and only two references to the transcript are set out. Although appellant sets forth, after each question, an objection, appellee in his brief points out there was not an objection to each. The record discloses one objection as to one witness and only four to the other. We are of the opinion that appellant has failed to properly present or argue this issue in

his brief and, therefore, waived error, if, indeed, there was error in the action of the trial court.

Finding no reversible error, the judgment should be affirmed.

Judgment affirmed.

Cooper, C. J., Carson and Prime, JJ., concur.

NOTE.—Reported in 223 N. E. 2d 587.