George RENFRO et al., Appellants,

v.

C. K. FOX et al., Appellees.

Court of Appeals of Kentucky.

Sept. 22, 1967.

Julian H. Golden, Pineville, for appellants.

Charles Landrum, Jr., and Edwin R. Denney, Lexington, Herman M. Tye, Barbourville, James M. Terry, Louisville, for appellees.

GEORGE O. BERTRAM, Special Commissioner.

On a clear day in August 1962 at about the hour of 3:30 p. m. appellant Joseph Dale Renfro backed his father's pickup truck downhill and stopped, with the tailgate within four feet of the nearest rail of a private crossing of appellee L. & N. Railroad Company located in Knox County near Flat Lick. His testimony is that he looked both up and down the track but did not see or hear appellee's train coming from the north. Joseph said he could see north, the direction from which the train was coming, for a distance of 135 feet. He proceeded to back across the railroad and was struck by the train when his tailgate was approximately middle ways of the two tracks. The truck was knocked approximately 79 feet and Joseph was thrown some 25 to 30 feet from the truck. Joseph and three witnesses called by him stated there was no bell, whistle, horn or any other warning device sounded by the engineer, and heard by them, warning of the approach of the train.

The engineer, by way of deposition, testified he could see 300 feet ahead as he rounded a curve and saw the truck about middle ways of the track. He was blowing the whistle before he came in sight of the truck. He was traveling something like 25 m. p. h. He was coasting downhill with the throttle off and had already applied his brakes to make a stop at the next station. When he saw the truck he immediately put the brakes in emergency. The engineer testified, "If the boy had kept backing across, he might have got across, he must have reversed his motor."

One of appellants' witnesses, a 17-year-old boy, testified he was about 50 feet from the point of accident watching Joseph back the truck and Joseph did not stop at anytime before going upon the tracks.

Joseph and his father sought damages of $161,800. The Knox Circuit Court directed a verdict at the conclusion of appellants' evidence in favor of appellees. Appellants ask us to reverse the judgment of the lower court stating, "The Court erred in sustaining the appellees' Motion for a Directed Verdict." As we view the case we think the only question is: "Was Joseph guilty of contributory negligence as a matter of law?

Appellants rely solely on L. & N. Railroad Company v. Quisenberry, Ky., 337 S.W.2d 409, and the cases therein cited. They contend that the crossing was a very hazardous one and the train was traveling too fast. They also rely heavily on the fact that the engineer stated the normal distance it would take to stop the train he was operating on the date of the accident would be 500 or 600 feet. Therefore, appellants contend, the engineer could not stop the train within the 300-feet distance at which he could see whether anyone was on the track at the crossing, and in fact the train would travel some 200 feet past the crossing before it could possibly be stopped.

In L. & N. Railroad Company v. Troutman, Ky., 351 S.W.2d 516, (involving a public crossing) this Court said:

"It is unquestioned that a railroad crossing is in itself a warning of danger and that a traveler having knowledge of its existence must exercise care for his own safety in such a degree as is proportionate to the danger then present or apparent of being struck by a train. * * * If he knows, or in the exercise of reasonable care and prudence must have known, of a train approaching by using his senses of sight and hearing in a way that an or-

dinarily prudent person would do under similar circumstances, and drives his automobile in front of the train, he assumes the risk of crossing in safety. If he miscalculates and is injured, he is guilty of contributory negligence."

We conclude from the evidence, exhibits filed and cases cited that Joseph Dale Renfro was contributorily negligent but for which there would have been no accident because, though he said he did stop and look in the direction of the oncoming train, yet he failed to see it. L. & N. R. R. Co. v. Troutman, supra; L. & N. R. R. Co. v. Tomlinson, Ky., 373 S.W.2d 601; L. & N. R. R. Co. v. Dunn, Ky., 380 S.W.2d 241; and Shewmaker v. L. & N. R. R. Co., Ky., 403 S.W.2d 283.

On the contributory negligence question L. & N. R. R. Co. v. Quisenberry, supra, has in effect been overruled.

For the reasons given we think the trial court properly granted a directed verdict.

The judgment is affirmed.

All concur.