**Terry CALLIHAN, Appellant**

v.

**Brianna CALLIHAN, Appellee**

**NO. 2016-CA-000830-MR**

Court of Appeals of Kentucky.

SEPTEMBER 15, 2017; 10:00 A.M.

BRIEF FOR APPELLANT: Matthew J. Warnock, Greenup, Kentucky.

BRIEF FOR APPELLEE: Jeffrey D. Hensley, Russell, Kentucky.

BEFORE: COMBS, JOHNSON, D. LAMBERT, JUDGES.

## OPINION

JOHNSON, JUDGE:

Terry Callihan ("Terry") brings this appeal from an order of the Greenup Circuit Court, Family Division, sustaining Brianna Callihan's ("Brianna") motion seeking indemnity and reimbursement from Terry for litigation filed against her by PNC Bank, along with payment for her attorney's fees. After reviewing the record in conjunction with the applicable legal authorities, we AFFIRM the Greenup Circuit Family Court.

## BACKGROUND

Terry and Brianna married on November 18, 1994, separated on March 30, 2013, and both parties signed a Settlement Agreement on May 8, 2014. The family court entered its Findings of Fact, Conclusions of Law and Decree of Dissolution on May 13, 2014, incorporating the aforementioned Settlement Agreement between the parties.

Terry, co-owner of a heating and air conditioning company, obtained a loan from PNC Bank in 2002. The note for the loan was signed by Terry and his business partner as the principals on the loan, but Brianna and the business partner's wife signed the loan as guarantors. The parties defaulted on the note. Terry filed for relief under the United States Bankruptcy Code and discharged his personal liability for the loan. The business partner and the business partner's wife worked out a settlement agreement with the bank to resolve their liability on the debt. PNC Bank sued Brianna on January 25, 2016, to collect the remainder of what was owed on the loan.

Brianna filed a Verified Motion for Contempt on February 26, 2016, to hold Terry in contempt, alleging that he failed to comply with the terms of the parties' Settlement Agreement that was incorporated into the parties' final divorce decree. She moved the family court to compel Terry to indemnify her "for any monies paid to PNC and for all costs and attorney fees associated with defending said action and also all costs and attorney fees associated with filing this Motion in family court."

The relevant portions of the parties' Settlement Agreement state the following:

Paragraph 4: MARITAL DEBT: Each party shall be responsible for any and all debt solely in their name or in their business.

. . . .

Paragraph 14: BUSINESS DEBT: [Terry] agrees to hold harmless and indemnify [Brianna] for any debts or obligations concerning his business.

Terry filed a Response to Brianna's Motion for Contempt on March 1, 2016. The family court held a hearing on the matter on May 3, 2016, and issued its Order on May 6, 2016, stating:

The question presented to the Court is whether or not [Brianna] should be individually liable and whether or not it was a business or a personal line of credit.

The parties['] [Settlement Agreement] which was incorporated into the decree dated May 13, 2014, required [Terry] to be responsible for all debts of C&H Heating and Air Conditioning and [Terry] became sole owner of that business. The PNC loan was obtained in 2002 and signed by [business partner] and [Terry] as principles [sic] on the loan.... [T]heir spouses were required to sign as guarantors.

. . . .

[Brianna] produced proof that the statement of assets, liabilities and equity that was prepared for the divorce by [Terry] listed the PNC debt as a liability of C&H Heating and Air Conditioning. The [Settlement Agreement] required [Terry] to be responsible for the debts of C&H Heating and Air Conditioning. The Court can find no basis to require [Terry] not to be responsible to indemnify [Brianna].

Based on that analysis, the family court sustained Brianna's motion requiring indemnification and reimbursement from Terry for any money collected from her based on the PNC Bank loan litigation and, further, sustained her request for $1,500.00 for attorney's fees for legal costs in this matter.

Terry, on appeal, contends the family court erred and that Brianna should be "responsible for her own debt incurred through her personal guarantee of the note."

## STANDARD OF REVIEW

On appeal, we review the trial court's findings of fact only to determine if they are clearly erroneous. Kentucky Rules of Civil Procedure (CR) 52.01. A factual finding is not clearly erroneous if it is supported by substantial evidence. *Owens-Corning Fiberglas Corp v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998). The "test for substantiality of evidence is whether when taken alone, or in the light of all the evidence, it has sufficient probative value to induce conviction in the minds of reasonable men." *Janakakis–Kostun v. Janakakis*, 6 S.W.3d 843, 852 (Ky. App. 1999).

As to the awarding of attorney's fees, decisions regarding whether and how to award attorney's fees, are within the discretion of the trial court. *Neidlinger v. Neidlinger*, 52 S.W.3d 513, 519 (Ky. 2001). Therefore, we will not overturn the trial court's decision on such matters absent an abuse of discretion. *Id.* "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ANALYSIS

Terry's argument is that the PNC Bank debt should fall on Brianna's shoulders because of her personal guarantee on the note and her agreement in the parties' Settlement Agreement to be responsible for debts that are in her individual name. This argument was considered by the family court and rejected. The family court noted that the Settlement Agreement between the parties stated that Terry would be responsible for all debts of C&H Heating and Air Conditioning and would hold harmless and indemnify Brianna for any debts or obligations concerning his business. The court observed that the PNC Bank loan was signed by Terry and his business partner with their spouses signing as guarantors.

Not only was the PNC Bank loan signed by Terry and his business partner, but Terry listed the PNC Bank loan on the statement of assets, liabilities and equity as a liability of C&H Heating and Air Conditioning. This leaves little room for doubt as to the loan's origination and over-

all purpose. The family court was aware that there had been personal/family use items charged to the account along with business expenses, but found that unpersuasive. Brianna testified that she had never exercised any control over the account and Terry did not controvert this testimony.

As stated in *Bailey v. Bailey*, 231 S.W.3d 793, 796 (Ky. App. 2007):

> A family court operating as a finder of fact has extremely broad discretion with respect to testimony presented, and may choose to believe or disbelieve any part of it. ... [A] reviewing court is not permitted to substitute its judgment for that of the family court, unless its findings are clearly erroneous.

When we review the decision of the family court, "[t]he test is not whether the appellate court would have decided it differently, but whether the findings of the family court are clearly erroneous, whether it applied the correct law, or whether it abused its discretion." *Coffman v. Rankin*, 260 S.W.3d 767, 770 (Ky. 2008).

The family court's findings on this issue are not clearly erroneous and are supported by substantial evidence. C&H Heating and Air Conditioning's name is on the loan document as the borrower, Terry and his partner signed the loan document in their capacity as "Manager[s] of C&H Heating and Cooling," and the loan was listed as a liability of C&H Heating and Air Conditioning on his financial statement. Further, per the Settlement Agreement, Terry expressly agreed to be responsible for "any and all debt ... in [his] business" and "hold harmless and indemnify [Brianna] for any debts or obligations concerning his business." In all practicalities, if Terry expected Brianna to be responsible for some portion of the business debt after the parties' divorce was complete, that should have been specifically

been addressed in the Settlement Agreement. However, at the point Terry was defending against the contempt motion, the Settlement Agreement was incorporated into the parties' divorce decree. The Settlement Agreement is clear that Terry is responsible for the business debt absent any exceptions. The family court was correct in holding Terry ultimately liable for the PNC Bank debt.

In his prehearing statement, filed pursuant to CR 76.03, Terry lists as a separate issue, "Whether attorneys (sic) fees were reasonable and appropriate." Neither party addressed this issue in the briefs they filed in this matter. In *Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979), we stated that pursuant to CR 76.12(8)(b), an appeal may be dismissed when the appellant fails to file a brief in support of his position. We further stated, "An appellant's failure to discuss particular errors in his brief is the same as if no brief at all had been filed on those issues. Consequently, the trial court's determination of those issues not briefed upon appeal is ordinarily affirmed." *Milby*, 580 S.W.2d at 727 (citations omitted). Accordingly, we will not disturb the family court's decision as to attorney's fees as there is no obvious error.

## CONCLUSION

Based upon the foregoing, the decision of the Greenup Circuit Family Court is AFFIRMED.

ALL CONCUR.