RENDERED: AUGUST 20, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0948-MR

JAMES HARRISON AND JUSTIN
COTHERN                                                        APPELLANTS


                         APPEAL FROM LYON CIRCUIT COURT
v.                       HONORABLE C. A. WOODALL, III, JUDGE
                         ACTION NO. 18-CI-00094


JESSE R. JENKINS; ALAN D. LONG;
BRAD ADAMES; BRITTANY
FRALIEX; CARL MCLEVAIN; DAN
SMITH; DIONNE B. HARDIN;
GEORGE A. HENSON; HARLAN R.
MARTIN; HARRY VENSION; JAMES
B. HARRIS; JAMES C. SMITH;
JAMES ERWIN; JAMES M. DUNN;
JANE DOE(S); JESSE COOMBS;
JESSICA MILLER; JILL
ROBERTSON; JOHN D. GIBBS;
JOHN DOE(S); KATHY A.
LITTERAL; LEAH R. ARTISE; LT.
JAMES BEAVERS; MARSHALL
PEEK; PATRICIA ALLEN; R.
O'DELL; RANDY WHITE; SGT.
BRENDAN INGLISH; STEVEN R.
BIRDSONG; WHITLEY JONES; AND
WILLIAM SIMPSON                                                   APPELLEES

OPINION
AND ORDER DISMISSING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND MAZE, JUDGES.

COMBS, JUDGE:  The Appellants, Justin Cothern and James Harrison, are inmates in the custody of the Kentucky Department of Corrections.  *Pro se*, they filed a civil complaint in Lyon Circuit Court alleging multiple violations of their "constitutional, statutory, and regulatory" rights.  The defendants (Appellees herein) in that lawsuit filed a motion to dismiss, explaining that the action challenged two separate, unrelated disciplinary proceedings -- one against Cothern, the other against Harrison.

On June 17, 2020, the Lyon Circuit Court entered an order of dismissal.  The circuit court reviewed the record and determined that some evidence supported the disciplinary findings in each case and that the defendants had complied with the due process requirements in the disciplinary context.  With respect to the other various claims, the court concluded that the allegations in the complaint failed to state a claim for which relief could be granted.

The notice of appeal filed in this case states that "the Plaintiff Justin Cother [sic], and the Plaintiff James Harrison are disignated [sic] as the Appellants on appeal[.]"  However, only James Harrison signed the notice of appeal.  Typewritten under the signature line are Harrison's name, identification number,

and an address at Green River Correctional Complex, followed by "PRO SE –

PLAINTIFFS." (Emphasis original.) The certificate of service on the notice of

appeal is also signed **only** by James Harrison.

The Appellants' brief, which is captioned "PRO SE BRIEF FOR

APPELLANTS" (emphasis original), is signed **only** by Justin Cothern.

The Commonwealth submits that the appeal should be dismissed and

explains that although Mr. Harrison and Mr. Cothern may each prosecute his claim

on his own behalf, neither may represent the other. The effect of the notice of

appeal -- which bears only Mr. Harrison's signature -- is that only Mr. Harrison has

appealed. Thus, Mr. Cothern is not a party to this appeal. The Commonwealth

also notes that "Mr. Harrison has not properly filed a brief in the appeal because

Mr. Cothern cannot sign on his behalf. Mr. Harrison has not perfected his appeal[1]

because he has not properly filed a brief." We agree on all issues raised.

---

[1] Kentucky Rule of Civil Procedure (CR) 76.02(1) provides:

> To perfect an appeal from the circuit court the appellant shall:
> (a)(i) cause the clerk's notice required by CR 75.07(6) to be
> transmitted to the clerk of the appellate court or (ii) if the appeal is
> taken of a case recorded pursuant to CR 98(1), cause the clerk's
> notice required by paragraph CR 98(3)(c) to be transmitted to the
> clerk of the appellate court; and (b) **file with the clerk of the
> appellate court the brief required by Rule 76.12**.

(Emphasis added.)

In *Baldwin v. Mollette*, 527 S.W.3d 830, 835 (Ky. App. 2017), this

Court explained as follows:

> In Kentucky, one may represent himself or herself *pro se*
> but that ability is limited to one's self.  As stated in
> *Taylor v. Barlow*, 378 S.W.3d 322, 326 (Ky. App. 2012),
> "an individual may file and practice his own lawsuit in
> any court within the Commonwealth. . . ."  Our Supreme
> Court clarifies the role of a *pro se* litigant by explaining
> if people represent themselves, they are bound by the
> same rules and procedures as a licensed lawyer.  *Id.*  But
> the Supreme Court notes that **only** persons who are
> admitted to the bar may practice law and represent
> others.  The sole exception is the person acting in his
> own behalf.

(Emphasis original.)  "The rules governing the practice of law in this

Commonwealth clearly provide that pleadings, motions, and other papers,

including motions for discretionary review, are to be signed by the *party* or his

*attorney* of record."  *Brey v. Commonwealth*, 917 S.W.2d 558, 558 (Ky. 1996)

(emphasis original).  CR 11 requires that "[a] party who is not represented by an

attorney shall sign his pleading, motion, or other paper and state his address."  CR

76.12(6) requires that "[e]very brief shall bear on the front cover a signed

statement, in accordance with Rule 5.03, by the attorney or party that service has

been made as required by this Rule[.]"

In the case before us, only Mr. Harrison appealed but he failed to file an appellant's brief on his own behalf.[2] Mr. Cothern is not -- and never has been -- a proper party to this appeal. Accordingly, we exercise our discretion and dismiss this appeal. CR 76.12(8)(b) ("If the appellant's brief has not been filed within the time allowed, the appeal may be dismissed.").

ALL CONCUR.

Entered: August 20, 2021

COURT OF APPEALS JUDGE

BRIEFS FOR APPELLANTS:

Justin Cothern, *pro se*
Central City, Kentucky

James Harrison, *pro se*
Central City, Kentucky

BRIEF FOR APPELLEES:

Edward A, Baylous, II
Frankfort, Kentucky

---

[2] We note that Harrison's signature (only) appears on the "Reply Brief for Pro Se Appellants." However, "[t]he reply brief is not a device for raising new issues which are essential to the success of the appeal." *Milby v. Mears*, 580 S.W.2d 724, 728 (Ky. App. 1979).