RENDERED: NOVEMBER 12, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1149-MR

CHARLES ROGER WRIGHT                                   APPELLANT

APPEAL FROM FLOYD CIRCUIT COURT
v.          HONORABLE THOMAS SMITH, JUDGE
ACTION NO. 16-CI-00223

MAXINE MUSIC; DEVIN WALKER;
GEORGE MUSIC; AND LORERY
WALKER                                                    APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

DIXON, JUDGE: Charles Roger Wright appeals from the order of the Floyd

Circuit Court granting summary judgment, entered on August 11, 2020. After

careful review of the briefs, the record, and the law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

This case involved a complicated land dispute; however, the issues on appeal are quite simple and straightforward. Accordingly, our truncated recitation reflects only the most relevant facts and procedural background.

On April 7, 2016, Wright petitioned the trial court to reform his deed obtained following the purchase of real property from Maxine Music, Devin Walker, and Lorery Walker.[1] Wright alleged that George Music, acting as an agent on behalf of Maxine, misrepresented the boundaries of the property contained in the deed. After Wright discovered other parties claimed an interest in the land he intended to purchase, the matter was brought before the Floyd Circuit Court in Civil Action No. 05-CI-00979. In that case, the court ruled in favor of the other parties. Even so, Wright filed the instant action requesting relief.

The case herein was set for trial to begin on June 17, 2019. In the trial order, discovery was to close by May 17, 2019, and all pretrial motions were to be filed no later than June 11, 2019. On April 16, 2019, George and Maxine moved the court for summary judgment. After the matter was briefed and a hearing held, the court granted summary judgment because Wright failed to meet his burden of producing any evidence that there exists a genuine issue of material fact in this

---

[1] The Walkers were served via a warning order attorney in the action below but have neither answered nor entered an appearance.

case. The court further noted that Wright's claims were also time-barred[2] and barred under the principle of *res judicata*.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[3] 56.03. An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v. Audubon Area Cmty. Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006) (citing *Blevins v. Moran*, 12 S.W.3d 698 (Ky. App. 2000)).

---

[2] Wright does not challenge or contest this issue on appeal. Failure to present an argument on appeal constitutes abandonment and/or waiver of said issue. "An appellant's failure to discuss particular errors in his brief is the same as if no brief at all had been filed on those issues." *Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979) (citation omitted).

[3] Kentucky Rules of Civil Procedure.

## ANALYSIS

On appeal, Wright asserts the trial court improperly granted summary judgment because of the existence of genuine issues of material fact, despite his failure to identify any such issues. Instead, he asserts that he "was prepared to introduce location evidence and evidence from individuals who had knowledge of the property lines but was denied that opportunity." Wright has failed to specify what evidence or how he was denied an opportunity to present it. He filed a responsive brief to the motion for summary judgment, and a hearing was held on the matter. Either or both of those instances were opportunities for Wright to introduce evidence relevant to his claims.

We will not search the record to construct Wright's arguments for him, nor will we go on a fishing expedition to find support for his underdeveloped arguments. "Even when briefs have been filed, a reviewing court will generally confine itself to errors pointed out in the briefs and will not search the record for errors." *Milby*, 580 S.W.2d at 727.

Further, it is well-established that "summary judgment is only proper after a party has been given **ample opportunity** to complete discovery, and then fails to offer controverting evidence." *Pendleton Bros. Vending, Inc. v. Commonwealth Fin. & Admin. Cabinet*, 758 S.W.2d 24, 29 (Ky. 1988) (emphasis added) (citing *Hartford Ins. Grp. v. Citizens Fidelity Bank & Trust Co.*, 579

S.W.2d 628 (Ky. App. 1979)). Yet, it is "not necessary to show that the respondent has actually completed discovery, but only that respondent has had an opportunity to do so." *Hartford*, 579 S.W.2d at 630.

In *Hartford*, a period of approximately six months between the filing of the complaint and the grant of summary judgment was found to be sufficient time to conduct discovery. However, this is not a bright-line rule, and the appropriate time for discovery necessarily varies from case to case depending on the complexity, availability of information sought, and the like. *See Suter v. Mazyck*, 226 S.W.3d 837, 842 (Ky. App. 2007), *as modified* (Jul. 13, 2007).

Here, more than four years elapsed between the filing of the complaint and the grant of summary judgment. This is not an overly-complicated case, nor has it been alleged that any information sought has been withheld. A trial date was assigned, and summary judgment was granted well over a year *after* the trial was scheduled to begin. Furthermore, Wright fails to identify what discovery had not yet been accomplished. Thus, we cannot say the trial court's grant of summary judgment was premature.

Wright also asserts the trial court's application of the principle of *res judicata* to this case was erroneous. Although we are inclined to disagree with Wright, we need not further address this issue as Wright failed to clear the initial hurdle of presenting any affirmative evidence of existence of a genuine issue of

material fact that would preclude a grant of summary judgment. Accordingly, the trial court acted within its authority in dismissing this action.

## CONCLUSION

Therefore, and for the foregoing reasons, the orders of the Floyd Circuit Court are AFFIRMED.


ALL CONCUR.


BRIEFS FOR APPELLANT:

James P. Pruitt, Jr.
Pikeville, Kentucky

BRIEF FOR APPELLEES:

Larry D. Brown
Prestonsburg, Kentucky