RENDERED: MAY 19, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1358-MR

SHAUN E. HILES　　　　　　　　　　　　　　　　　　APPELLANT

APPEAL FROM GRANT CIRCUIT COURT
v.　　　　HONORABLE GREGORY M. BARTLETT, SPECIAL JUDGE
ACTION NO. 14-CR-00213

COMMONWEALTH OF KENTUCKY　　　　　　　　　　　APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: JONES, KAREM, AND LAMBERT, JUDGES.

JONES, JUDGE: Shaun Hiles appeals from the Grant Circuit Court's order denying his RCr[1] 11.42 motion. Because Hiles's motion raises issues which cannot be resolved by an examination of the record, we vacate the trial court's order of denial and remand for further proceedings, including an evidentiary hearing.

---

[1] Kentucky Rules of Criminal Procedure.

# I. BACKGROUND

On June 28, 2014, after several weeks of marital discord, Hiles shot and killed his wife, Nicole Hiles and her friend, Larry Whiteker. Following his trial, the jury found Hiles guilty of two counts of capital murder[2] and two counts of first-degree wanton endangerment.[3] Consistent with the jury's recommendation, the trial court sentenced Hiles to two life terms without the possibility of parole and to a term of five years for each wanton endangerment charge. The Kentucky Supreme Court affirmed Hiles's convictions and sentence on direct appeal in an unpublished memorandum opinion. *Hiles v. Commonwealth*, No. 2016-SC-000127-MR, 2017 WL 2600132 (Ky. Jun. 15, 2017). Hiles subsequently filed a *pro se* motion to vacate his sentence under RCr 11.42. The trial court denied relief in a written order entered on November 10, 2021, without conducting an evidentiary hearing. This appeal followed.

# II. ANALYSIS

A successful petition for relief under RCr 11.42 based on ineffective assistance of counsel must survive the twin prongs of "performance" and "prejudice" provided in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052,

---

[2] Kentucky Revised Statutes (KRS) 507.020.

[3] KRS 508.060, a Class D felony.

-2-

80 L. Ed. 2d 674 (1984), *accord Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985). The "performance" prong of *Strickland* requires as follows:

> Appellant must show that counsel's performance was deficient. This is done by showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, or that counsel's representation fell below an objective standard of reasonableness.

*Parrish v. Commonwealth*, 272 S.W.3d 161, 168 (Ky. 2008) (internal quotation marks and citations omitted). The "prejudice" prong requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064).

Both *Strickland* prongs must be met before relief pursuant to RCr 11.42 may be granted. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. This is a very difficult standard to meet. "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010). We review counsel's performance under *Strickland de novo*. *McGorman*, 489 S.W.3d at 736.

Hiles made several different claims in his *pro se* RCr 11.42 motion to the trial court, but his counseled brief on appeal abandons several of those

-3-

arguments. We consider the unbriefed claims to be waived here. "An appellant's failure to discuss particular errors in his brief is the same as if no brief at all had been filed on those issues." *Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979); *see also Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 815 (Ky. 2004).

For his briefed issues, Hiles contends his trial counsel was ineffective when he: (1) failed to adequately investigate and present a defense based on extreme emotional disturbance (EED); and (2) failed to discover, through expert testing, that Hiles suffers from "intermittent explosive disorder," a psychiatric condition which may have assisted in his EED defense. Hiles asserts that, had his trial counsel conducted an adequate investigation, this information would have sufficed to convince at least one juror to recommend a less severe sentence than life without the possibility of parole.

We must note at the outset that Hiles's trial counsel did not give an opening statement or present any witnesses during the guilt phase of the trial. Instead, trial counsel briefly cross-examined each of the Commonwealth's witnesses in order to inquire as to whether the witness could testify as to Hiles's state of mind when he shot Nicole and Larry. Because there were no psychiatric experts testifying for the Commonwealth, the answers were generally negative. Then, in the penalty phase, trial counsel called one witness, Hiles's teenage daughter, in order to ask her (1) whether she loves and misses her mother, (2)

whether she loves and misses her father, and (3) if she would like the jury to show compassion and give her father the minimum sentence.

It may be, as Hiles asserts, that his trial counsel utterly failed to diligently investigate his case or present witnesses, including psychiatric experts, who could have buttressed Hiles's EED defense. If true, this could constitute ineffective assistance of counsel. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *McQueen v. Commonwealth*, 721 S.W.2d 694, 700 (Ky. 1986) (quoting *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066). However, it is also possible, as the Commonwealth contends, that Hiles's counsel declined to pursue expert psychiatric testimony due to the witness testimony presented previously, during Hiles's pretrial competency hearing. Dr. Amy Trivette at Kentucky Correctional Psychiatric Center (KCPC) testified that Hiles was competent and capable of participating in his defense, stating, "he does not suffer from a mental illness or intellectual disability that would be expected to impair his ability to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law." Furthermore, she testified that there was evidence that Hiles had malingered during his psychiatric testing. Finally, a deputy jailer, Jason Hankins, testified that he had overheard Hiles assert he would escape punishment by manipulating the staff into believing he was mentally ill.

It is also possible that trial counsel employed a strategy based on pure cross-examination in order to avoid disclosing its defense to the Commonwealth. *See Vincent v. Commonwealth*, 584 S.W.3d 762, 770-71 (Ky. App. 2019) (holding that trial counsel's decision to not hire an expert was valid strategy when RCr 7.24(3)(a) would have required disclosure to the Commonwealth of the test reports and a summary of the expert's testimony). As in this case, trial counsel in *Vincent* was also confronted with a situation in which there was evidence of the defendant malingering during psychiatric testing. If, like *Vincent*, trial counsel in this case decided to avoid using expert testimony to prevent disclosure to the Commonwealth, or to avoid the presentation of testimony to the jury regarding Hiles's malingering, then this would be a proper exercise of trial strategy and not ineffective assistance of counsel. "It is not the function of this Court to usurp or second guess counsel's trial strategy." *Vincent*, 584 S.W.3d at 771 (citations omitted).

The trial court's order asserts that Hiles's RCr 11.42 claims are refuted by the record, in that trial counsel *did* offer an EED defense to the jury. However, with respect to the trial court, the question is not whether trial counsel presented an EED defense, but whether trial counsel was ineffective in the presentation of this defense in such a way that proved ultimately prejudicial to the defendant. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Unfortunately, because

-6-

the trial court declined to order an evidentiary hearing on Hiles's RCr 11.42 motion, the record presents no evidence as to trial counsel's motives for an allegedly lackluster performance or an analysis as to whether this performance was ultimately prejudicial.

This, of itself, requires us to vacate the trial court's dismissal of Hiles's RCr 11.42 motion. "A hearing is required if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record. The trial judge may not simply disbelieve factual allegations in the absence of evidence in the record refuting them." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452-53 (Ky. 2001) (citations omitted). "An evidentiary hearing must be held in this case to determine whether the failure to introduce mitigating evidence was trial strategy, or 'an abdication of advocacy.'" *Hodge v. Commonwealth*, 68 S.W.3d 338, 345 (Ky. 2001) (quoting *Austin v. Bell*, 126 F.3d 843, 849 (6th Cir. 1997)).

## III.  CONCLUSION

For the foregoing reasons, we vacate the Grant Circuit Court's order denying relief pursuant to RCr 11.42. We remand this matter for an evidentiary hearing with counsel appointed for Hiles, as required by *Fraser*, and for further proceedings not inconsistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:

David L. Stewart
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky