RENDERED:  FEBRUARY 7, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0484-MR

LINDA WHITE HESTER                                                          APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE DERWIN L. WEBB, JUDGE
ACTION NO. 02-CI-502816

STEPHEN THOMAS HESTER                                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CALDWELL AND L. JONES, JUDGES.

THOMPSON, CHIEF JUDGE:  Linda White Hester ("Appellant") appeals from an order and judgment of the Jefferson Circuit Court granting summary judgment in favor of Stephen Thomas Hester ("Appellee").  Appellant argues that the circuit court erred in ruling that Appellant's August 16, 2021 motion to enforce the parties' property settlement was time-barred under the 15-year statute of

limitations set out in Kentucky Revised Statutes ("KRS") 413.090(1). After careful review, we find no error and affirm the order and judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

In April of 2000, the parties purchased 1,500 shares of preferred stock in NetWorld Alliance at $100 per share for a total of $150,000.00.[1] Though Appellant and Appellee were married at the time of the purchase, they held the shares in their individual names. Based on their respective individual investments, Appellant received 500 shares and Appellee received 1,000 shares.

In October of 2000, NetWorld offered its shareholders the option to convert each preferred share or "unit" to 1.3 non-preferred units. Preferred shareholders would continue to receive an annual 10% return, whereas non-preferred shareholders would not receive the 10% return but would increase their ownership interest in NetWorld by 30% (each preferred share being converted to 1.3 non-preferred shares). Appellant elected to retain her preferred shares, and Appellee elected to convert his preferred shares to non-preferred shares. The result was that Appellant continued to own 500 shares and receive a 10% annual return, whereas Appellee increased his ownership interest from 1,000 shares to 1,300 shares without a 10% annual return.

---

[1] NetWorld Alliance is also spelled in the record as Networld and Net World.

In 2002, Appellee filed the instant action in Jefferson Family Court to dissolve the parties' marriage. The parties entered into a property settlement agreement ("the Agreement") on March 1, 2005, which was incorporated into the final decree of dissolution on March 3, 2005. Per the Agreement, the parties were to divide their NetWorld assets in equal shares.

After dissolution, the parties contacted NetWorld requesting to equalize their respective ownership interests in conformity with the Agreement. To accomplish this, Appellant was deemed to own one-fourth of Appellee's interest in the form of non-preferred shares. Appellant ratified the transfer by way of letter dated September 8, 2005. Appellee's one-fourth interest was transferred to Appellant the following month.

On August 16, 2021, Appellant filed a motion in Jefferson Circuit Court seeking an order holding Appellee in contempt, and directing Appellee to pay her $16,440.00 to correct a deficit in the 2005 division of the NetWorld assets. The motion was based on Appellant's belief that she improperly received 825 shares in the company compared to Appellee's 975 shares. Appellant later amended her claim, arguing that she was entitled to $38,096.00 representing an equal division of future proceeds under the Agreement. She also sought attorney fees.

The matter proceeded in Jefferson Circuit Court, with both parties filing motions for summary judgment. Appellant asserted that she was entitled to recover as a matter of law. In support of his motion, Appellee argued that Appellant's motion to recover $38,096.00 under the Agreement was not timely, as it ran afoul of the 15-year statute of limitations set out in KRS 413.090(1).

After considering the motions, the Jefferson Circuit Court rendered an opinion and order on April 8, 2024, overruling Appellant's motion for summary judgment, and granting Appellee's motion upon concluding that Appellant's motion seeking recovery was barred by operation of KRS 413.090(1). This appeal followed.

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure ("CR") 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party

-4-

will be able to produce evidence at trial warranting a judgment in his favor. *Id.*

"Even though a trial court may believe the party opposing the motion may not

succeed at trial, it should not render a summary judgment if there is any issue of

material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary

judgment is whether the trial court correctly found that there were no genuine

issues as to any material fact and that the moving party was entitled to judgment as

a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Jefferson Circuit Court erred in granting

Appellee's motion for summary judgment. She first contends that the circuit court

erred in applying KRS 413.090(1) to conclude that her motion was time-barred.

KRS 413.090 states,

> Except as provided in KRS 396.205, 413.110, 413.220,
> 413.230 and 413.240, the following actions shall be
> commenced within fifteen (15) years after the cause of
> action first accrued:
>
> (1) An action upon a judgment or decree of any
> court of this state or of the United States, or of any
> state or territory thereof, the period to be computed
> from the date of the last execution thereon[.]

Appellant argues that Kentucky's domestic relations statutes do not

set out any period of limitation in Kentucky divorce cases. As such, she asserts

-5-

that the Jefferson Circuit Court erred in applying KRS 413.090(1) to the facts before it.

Appellant's August 16, 2021 motion to hold Appellant in contempt and seeking payment under the 2005 decree of dissolution is "[a]n action upon a judgment or decree of any court of this state" per KRS 413.090(1). Appellant cites no case law or statutory law upon which a contrary conclusion may be drawn. Further, and as noted by Appellee, KRS 413.090(1) has been raised in other domestic relations proceedings, including a former spouse's motion to recover pension funds almost 20 years after the decree of dissolution. *See Satterfield v. Satterfield*, 608 S.W.3d 171 (Ky. App. 2020).[2]

> Every presumption is in favor of the correctness of the decision of the trial court, and in order to warrant a reversal, error must affirmatively appear from the record. This presumption is one with which this court begins its examinations of every case brought before it, and one which every appellant must overcome in order to secure a reversal of a judgment. In other words the burden is on the appellant to show error affecting the judgment rendered below.

*Oakes v. Oakes*, 204 Ky. 298, 264 S.W. 752, 753 (1924).

Per *Oakes*, the ruling of the Jefferson Circuit Court that KRS 413.090(1) applies is presumed to be correct. Appellant has not overcome the

---

[2] Though KRS 413.090(1) was raised by the former husband in *Satterfield*, a panel of this Court did not apply it based on the husband's failure to file a qualified domestic relations order at the time of the decree which equitably estopped him from asserting the statute of limitations defense.

presumption that the circuit court properly applied the 15-year statute of limitations to Appellant's motion.

Having determined that the 15-year statute of limitation applies to the matter before us, the next question is whether the Jefferson Circuit Court properly concluded that Appellant's motion fell outside the statutory period. Per KRS 413.090, the 15-year period for filing an action on a judgment or decree commences on "the date of the last execution thereon[.]" The decree of dissolution, which incorporated the Agreement, was entered on March 3, 2005. This is the date upon which Appellee argues the statutory period must begin to run, and it appears the Jefferson Circuit Court calculated the commencement of the 15-year period on this date.[3] In contrast, Appellant maintains that the distribution now in controversy was made on December 31, 2013; that this is the date of "last execution"; and, that her filing on August 15, 2021 clearly occurred within 15 years of December 31, 2013.

In her August 16, 2021 motion to hold Appellee in contempt and compel payment, Appellant states that when she sold some shares back to NetWorld, she received an "Equity Table" or spreadsheet showing that annual payments were made to the parties on December 31 of each year, beginning in

---

[3] The order and judgment on appeal does not state when the statutory period began to run.

2000 and ending in 2013.[4]  It is the final payment which Appellant argues should start the 15-year statute of limitations.  The parties do not reveal the nature of these payments, nor what the spreadsheet represents.  Appellant characterizes the spreadsheet as showing "a distribution of proceeds," with Appellee receiving "a return on capital[.]"

The Kentucky Supreme Court has held "that in the fifteen-year statute of limitations for actions on judgments, the term *execution* is defined as an act of enforcing, carrying out, or putting into effect a judgment."  *Wade v. Poma Glass & Specialty Windows, Inc.*, 394 S.W.3d 886, 895 (Ky. 2012) (emphasis in original).  In *Wade*, Poma Glass obtained a civil judgment in 1991.  Poma Glass filed liens on Wade's real estate in 1992 and 2000; initiated garnishment proceedings in 2005; and, undertook post-judgment discovery.

In 2008, Wade filed an action seeking a declaratory judgment to remove the liens.  At issue was whether the 15-year statute of limitations began to run at the time of the 1991 civil judgment, or whether the clock started over with the filing of each subsequent lien and garnishment.  In considering this issue, the Kentucky Supreme Court determined that the word "execution" in KRS 413.090 included every subsequent action arising from the 1991 judgment.  That is to say, the court found that the 15-year period started over with each lien and garnishment.

---

[4] The spreadsheet appears in the circuit court record at pp. 271-72.

In the matter before us, there was no post-judgment legal proceeding or action analogous to the liens and garnishments in *Wade*. In the instant case, the final decree of dissolution – which incorporated the Agreement – was entered on March 3, 2005. The parties contacted NetWorld to equalize their respective ownership interests per the Agreement. Appellant then ratified the transfer by way of letter dated September 8, 2005, and Appellee's one-fourth interest was transferred to Appellant the following month. Thus, the last execution on the judgment, per *Wade*, occurred no later than October 2005.[5]

In its order and judgment, the Jefferson Circuit Court does not state when it calculated the running of the 15-year statute of limitations. Presumably it started the clock on the March 3, 2005 entry of the final decree of dissolution. Per *Wade*, we believe the statute of limitations started to run in October 2005, when Appellee's one-fourth interest was transferred to Appellant to execute the judgment. We may affirm for any reason supported by the record. *Emberton v GMRI, Inc.*, 299 S.W.3d 565, 576 (Ky. 2009) (citation omitted). Appellant's

---

[5] In her August 16, 2021 motion to compel Appellee's payment and hold him in contempt, Appellant appended an equity table she received from NetWorld showing the proceeds she would receive from selling her shares back to NetWorld. This equity table formed the basis for Appellant's motion to compel Appellee' payment. Though Appellant argues that the last payment to Appellant made on December 31, 2013, should start the running of the statute of limitations, this payment was not an "execution" of the judgment per *Wade*.

August 16, 2021 motion was filed after the statutory period closed. The Jefferson Circuit Court properly so ruled.

Appellant goes on to argue that Appellee's motion for summary judgment should have been stricken without consideration because Appellee's summary judgment motion was redundant and because Appellee also had a pending motion to dismiss. She further argues that Appellee's motion to dismiss was redundant and should have been stricken because she had her own pending motion for summary judgment which had not yet been ruled upon.

Appellant does not cite any authority in support of the argument that the circuit court was required to dispose of each motion in a serial fashion prior to considering subsequent motions. In its opinion and order rendered April 8, 2024, the Jefferson Circuit Court disposed of all remaining motions, including each party's pending motion for summary judgment. We find no error on this issue.

Appellant next argues that the verification filed in support of Appellee's motion for summary judgment was fraudulently notarized because the notary, Kimberly Y. Bush, was not properly registered to provide electronic notary services. In support of this claim, Appellant appended to her written argument various documents including a complaint she allegedly filed with the Kentucky Secretary of State asserting that Ms. Bush was improperly registered. Appellant argues that the circuit court should not have considered Appellee's motion for

-10-

summary judgment because the notary was not properly registered. In the alternative, she argues that the circuit court improperly failed to conduct a hearing on the issue.

Appellant does not cite where in the record the documents she relies on may be found. Appellee argues that these documents are not contained in the record, and Appellant does not rebut this claim in her reply brief. "Except for matters of which the appellate court may take judicial notice, materials and documents not included in the record shall not be introduced or used as exhibits in support of briefs." Kentucky Rules of Appellate Procedure ("RAP") 32(E)(1)(c). Further, we will not search the record for errors. *Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979).

A writing which appears on its face to be properly notarized shall be presumed to have been properly notarized. KRS 423.440. In addition, "the failure of a notarial officer to perform a duty or meet a requirement specified in KRS 423.300 to 423.455 does not invalidate a notarial act performed by the notarial officer." KRS 423.410. The argument raised by Appellant falls within the scope of KRS 423.410. Since Appellant relies on documents appended to her written argument which are not contained in the circuit court record, and as she has otherwise failed to overcome the presumption that Appellee's pleadings were properly notarized, we find no error on this issue.

## CONCLUSION

The Jefferson Circuit Court correctly found that there were no genuine issues as to any material fact and that Appellee was entitled to judgment as a matter of law. *Scifres*, *supra*. Accordingly, we find no error and affirm the April 8, 2024 order and judgment of the Jefferson Circuit Court.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Linda White Hester, *pro se*
Louisville, Kentucky

BRIEF FOR APPELLEE:

Richard H. Nash III
Louisville, Kentucky