RENDERED: MARCH 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1173-MR

BELINDA TARPLEY-SOTTUNG                                                    APPELLANT

v.                  APPEAL FROM FAYETTE CIRCUIT COURT
                    HONORABLE JULIE M. GOODMAN, JUDGE
                    ACTION NO. 19-CI-02241

ANDERSON & RAMSEY PARK
PLAZA, LLC                                                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE: Belinda Tarpley-Sottung ("Belinda") appeals from the

Fayette Circuit Court's summary judgment dismissing her negligence claim against

Anderson and Ramsey Park Plaza, LLC ("Anderson"), finding that Anderson is not

liable for the injuries Belinda sustained when she allegedly slipped on a wet floor

inside her apartment. Finding no error, we affirm.

Belinda is a tenant in an apartment complex owned by Anderson. On the afternoon of June 21, 2018, Belinda's spouse, Sherri Tarpley-Sottung, discovered water on the dining room floor of their apartment, which was later identified as coming from the heating, ventilation, and air conditioning (HVAC) unit. Sherri placed towels down to soak up the water and reported the issue to Anderson. Around noon the next day, maintenance fixed the HVAC leak and placed a fan inside the dining room to help dry the floor. It is undisputed that the floor was completely dry within several days and that no other issues concerning the HVAC unit were ever reported.

When Belinda arrived home from work that afternoon, she replaced the wet towels on the floor with dry ones. She also moved the fan to the other side of the room, concerned about the cord getting wet. That evening, Belinda went to a baseball game, turning the fan off before she left. Belinda noticed the towels she had put down were damp.

Belinda returned from the game around 9:00 p.m. While attempting to walk through the dining room, she slipped and fell, injuring her right knee.[1] Belinda testified in her deposition that the lights were on in the room, and that she

---

[1] Other evidence in the record suggests that Belinda may have tripped over the fan cord. For purposes of appeal, we must view the evidence in the light most favorable to Belinda. Therefore, we will assume that Belinda slipped and fell on a wet floor.

did not see any water on the floor. However, when she tried to get up, water seeped from under the floor.

Subsequently, Belinda filed suit against Anderson in Fayette Circuit Court, alleging that Anderson was negligent in repairing the water leak, proximately causing her injuries. Belinda sought damages in the form of medical expenses, lost wages, and pain and suffering. Anderson moved for summary judgment, arguing that a landlord is only liable for injuries caused by defects unknown to the tenant. It further argued that a landlord's liability for failure to repair is limited to the cost of the repair. Belinda countered that a landlord can be liable where its negligent repair causes a tenant's injuries or gives a deceptive appearance of safety.

At a hearing on the motion for summary judgment, Belinda argued that Anderson's efforts to remedy the water leak were insufficient. Instead of merely placing a fan, Belinda contended that Anderson should have taken up the floor and removed the water underneath. In support, Belinda offered the testimony of Jimmy Miller, a contractor with experience in water cleanup. Miller testified that if he had performed the cleanup, he would have taken up the floor and then removed the water underneath with vacuums, fans, and dehumidifiers.

However, Miller conceded that he could not say that water would never dry on its own without these measures. He further acknowledged that before

doing anything he would have assessed the severity of the leak.  Finally, he

admitted that he had never been to Belinda's apartment and did not know how

much water had been present.

Following the hearing, the trial court granted the motion for summary

judgment, finding that Anderson did not violate any standard of care it may have

owed to Belinda as a matter of law.  The court noted that Anderson fixed the leaky

HVAC unit and provided a fan to dry the floor.  Belinda made no further

complaints about the leak to suggest to Anderson that its repairs were insufficient.

In fact, she placed Anderson's fan outside of the apartment, indicating that the

issue was resolved.  Finally, Belinda was aware the floor was wet, changing the

towels several times and using her own fan to help dry the floor.  This appeal

followed.

On appeal of a summary judgment, we must determine "whether the

trial court correctly found that there were no genuine issues as to any material fact

and that the moving party was entitled to judgment as a matter of law." *Scifres v.

Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996); CR[2] 56.03.  The trial court must

view the record in a light most favorable to the non-moving party, and all doubts

must be resolved in his favor.  *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807

S.W.2d 476, 480 (Ky. 1991).  "Because summary judgment involves only legal

---

[2] Kentucky Rules of Civil Procedure.

-4-

questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (citations omitted).

Belinda argues the trial court erred in granting summary judgment because there is an issue of fact as to whether Anderson negligently repaired the water leak, citing Miller's testimony. Belinda further argues the trial court failed to properly consider the Supreme Court's holding in *Shelton v. Kentucky Easter Seals Society, Inc.*, 413 S.W.3d 901 (Ky. 2013), which modified the open and obvious doctrine so that it is no longer an absolute bar to recovery from a land possessor.

*Milby v. Mears*, 580 S.W.2d 724 (Ky. App. 1979), sets forth the general principles governing landlord-tenant liability:

> It has been a longstanding rule in Kentucky that a tenant takes the premises as he finds them. The landlord need not exercise even ordinary care to furnish reasonably safe premises, and he is not generally liable for injuries caused by defects therein. Nevertheless, it is an established principle that a landlord has a duty to disclose a known defective condition which is unknown to the tenant and not discoverable through reasonable inspection.

*Id.* at 728 (citation omitted). "In summary, landlords generally do not owe any duty to a tenant except to warn of any latent dangerous conditions that may exist

-5-

on the property." *Waugh v. Parker*, 584 S.W.3d 748, 752 (Ky. 2019) (citation omitted).

Under this common-law standard, Anderson would not be liable for Belinda's injuries as a matter of law. The water leak was not a latent dangerous condition but one that was known to Belinda. Belinda knew the floor was wet, having replaced the wet towels on the floor with dry ones. These towels were later found damp, suggesting that water was still present on the floor. She turned off the fan when she left for the ballgame, slowing the drying process. Thus, Belinda should have known or at least could have known through reasonable inspection that the floor was still wet at the time she slipped and fell.

Perhaps foreseeing this result, Belinda argues that her claim is one for negligent repair, and therefore the above law does not apply.[3] In *True v. Fath Bluegrass Manor Apartment*, 358 S.W.3d 23 (Ky. App. 2011), this Court recognized a potential cause of action for negligent repair where a landlord's repairs were the proximate cause of the tenant's injuries, citing *Mahan-Jellico Coal Co. v. Dulling*, 139 S.W.2d 749 (Ky. 1940) and the RESTATEMENT (SECOND)

---

[3] In general, a landlord has no obligation to repair the leased premises in absence of a special agreement to do so. *True v. Fath Bluegrass Manor Apartment*, 358 S.W.3d 23, 26 (Ky. App. 2011). Here, Belinda's complaint alleges that pursuant to the parties' lease agreement, Anderson was responsible for making certain necessary repairs to the premises. Anderson, at least partially, admitted as much in its answer to the complaint. Further, it is undisputed that Anderson repaired the HVAC unit. Therefore, for purposes of appeal, we presume that Anderson had a duty to repair, either pursuant to the lease agreement, or because it assumed such duty.

OF PROPERTY:  LANDLORD AND TENANT, § 17.7 (1977).  Such a claim, we held, was "premised on the tenant's reliance that a defect has been remedied[]" and "[r]ecovery is permitted only if a repair resulted in an increased danger that was unknown to the tenant or if the negligent repair gave the deceptive appearance of safety."  *True*, 358 S.W.3d at 27.

However, any negligent repair claim also fails as a matter of law because here there was no negligent repair.  It is undisputed that Anderson fixed the HVAC leak and that the water on the floor completely dried within several days.  Belinda admits in her deposition that there were no further issues with water in the dining room area.

Anderson's repairs were also not the proximate cause of Belinda's injuries.  There is no evidence the repairs resulted in an increased danger unknown to Belinda, or that the repairs gave the deceptive appearance of safety.  Anderson's repairs consisted of fixing the leaky HVAC unit and supplying a large fan to help dry the floor.  Neither of these actions resulted in any increased danger to Belinda.  As noted above, Belinda was aware the floor was wet, having changed the wet towels on the floor that afternoon.  When she returned from the ballgame that evening, at a minimum, she should have been aware of the possibility of water on the floor.  While Belinda claims she saw no water, nothing Anderson did led to any

deceptive appearance of safety. Anderson made no representation that the floor was dry, and in fact, provided a fan, indicating the opposite.

Further, Miller's opinion that he would have cleaned up the water differently did not create an issue of fact as to Anderson's negligence to avoid summary judgment. Miller admitted that he had never been to the apartment to assess the leak and did not know how much water had been present. In fact, Miller never actually testified that Anderson's failure to remove the floor and dry the water underneath was negligent. He conceded the water might dry on its own. Simply put, there is no evidence to support a negligent repair claim.

Belinda also argues the trial court failed to properly consider *Shelton, supra*, when ruling on the motion for summary judgment.[4] We disagree. In *Shelton*, our Supreme Court shifted the focus in open-and-obvious cases away from duty towards breach of duty. *Shelton*, 413 S.W.3d at 910. In the process, "the question of foreseeability and its relation to the unreasonableness of the risk of harm [was] properly categorized as a factual one, rather than a legal one." *Id.* at

---

[4] We have serious doubts whether *Shelton* is applicable to Belinda's case. *Shelton* concerned land possessor/invitee liability and premised its reasoning on the Restatement (Second) of Torts, Section 343A, which by its language, pertains to land possessors and invitees. Neither Anderson, as a landlord, nor Belinda, as a tenant, meet the definition of land possessor or invitee under the Restatement. Further, the nature of the relationship between a business owner and invitee is different than that between a landlord and tenant. At least one other panel of this court has held that *Shelton* does not apply to landlord/tenant liability cases. *See McCombs v. Mitts Rentals, LLC*, No. 2018-CA-000930-MR, 2019 WL 2713048, at *3 (Ky. App. Jun. 28, 2019).

916. Although her argument is a little unclear, Belinda apparently misreads *Shelton* as precluding summary judgment in any open-and-obvious case. However, *Shelton* was clear that under its approach "summary judgment remains a viable concept[.]" *Id.* If reasonable minds could not differ on whether a defendant breached its duty of care or it would be unreasonable to find breach or causation, summary judgment is still proper. *Id.*

Further, the trial court did, in fact, consider *Shelton* and its antecedent, *Kentucky River Medical Center v. McIntosh*, 319 S.W.3d 385, 388 (Ky. 2010), when ruling on the motion for summary judgment and determined that Anderson did not breach the duty it owed (as a landlord) as a matter of law. Therefore, we find no error.

Based upon the foregoing, the Fayette Circuit Court's order granting summary judgment in favor of Anderson is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

David A. Weinberg
Lexington, Kentucky

BRIEF FOR APPELLEE:

R. Craig Reinhardt
Lexington, Kentucky